Appellee moves to dismiss this appeal for the reason that the judgment was signed after the appeal was applied for and granted. In support of the motion for dismissal counsel cites a number of authorities (and there are many others) holding that no appeal lies from an unsigned judgment, for in such case the judgment is inchoate and the appeal would be premature.
The judgment was rendered on November 12, 1948, and on November 15 appellant moved for and obtained a suspensive appeal returnable to this court on November 25. The judgment, which is included in the transcript, was not signed until November 18.
In the cases cited by appellee, no signed judgment was contained in the record at the time of its lodgment in the appellate court. If an unsigned judgment appeared in the instant record, we would be constrained to follow these cases and dismiss the appeal, for the absence of the signed judgment would be fatal to the appeal.
However, an appeal from a judgment which is not signed until after the appeal is taken, but which is signed before the transcript is returnable to the appellate court, and which actually appears in the transcript, is not subject to dismissal because of the appellant's premature action in appealing from the unsigned judgment. The fact that the judgment was signed, plus the fact that it appears in the record before us as a final decree, has the effect of curing the prematurity of the application for and the order of appeal, and the most that can be said is that by applying for the appeal before the judgment was signed, appellant abandoned the right accorded him by law to apply for a new trial. See Mossler Acceptance Co. v. Moliere, La. App., 181 So. 228, and authorities therein cited.
The motion to dismiss is denied.
Motion denied. *Page 858