303 So.2d 900 (1974)
Thomas Louis Di SALVO, Plaintiff-Appellee,
v.
Harris PICARD and Joe H. Ridgeway, d/b/a Ridgeway Mobile Homes, Defendant-Appellant.
No. 9992.
Court of Appeal of Louisiana, First Circuit.
November 12, 1974.
Rehearing Denied December 16, 1974.
*901 Leroy J. Falgout, Kenner, for defendant-appellant Ridgeway.
David E. Cooley, Slidell, for plaintiff-appellee.
Robert R. Thorne, Slidell, for defendant-appellee Picard.
Before SARTAIN, ELLIS and de la HOUSSAYE, JJ.
SARTAIN, Judge.
This suit was instituted by plaintiff, Thomas Louis DiSalvo, against defendants Harris Picard and Joe H. Ridgeway for damages to plaintiff's house trailer allegedly caused by defendants' negligence. Trial was had on the merits of the case and the trial judge, for oral reasons assigned, dismissed the claim against defendant Picard and found in favor of plaintiff against defendant Ridgeway.
A partial new trial was then granted to defendant Ridgeway with the issue limited to quantum. Judgment was then rendered in the matter on February 19, 1974 against defendant Ridgeway in the amount of $1,000.00 and in favor of defendant Picard in his dismissal from the suit.
It appears from the record that sometime prior to March 14, 1974 defendant Ridgeway died because on that date an order of suspensive appeal was granted and an appeal bond filed, both in the name of the administrator of the Estate of Joe H. Ridgeway.
On April 15, 1974, subsequent to the death of Ridgeway, the February 19th judgment, cast against him, was signed by the trial judge.
Based upon the chronology of events hereinabove recited from the record, we note two inherent defects, the combined effect of which we deem fatal to this appeal and which therefore compels its dismissal. This we do ex proprio motu and address the essence of these defects to the attention of counsel of record for correction.
Pursuant to C.C.P. Art. 1911, a final judgment must be read and signed by the judge in open court. (We note that subsequent to this appeal C.C.P. Art. 1911 was somewhat revised by Act 87 of 1974.) Hence, a judgment is of no effect until these requirements are met. Before the judgment in the present case became final and effective, the person against whom it was cast had died. It is well settled that a judgment for or against a deceased person is an absolute nullity. Gulfco Finance v. Lee, 224 So.2d 524 (La.App. 1st, 1969); Fountain v. American Employers Insurance Company, 161 So.2d 120 (La.App. 3rd, 1964); Hughes v. Furlow, 83 So.2d 144 (Orl.App., 1955, writs denied, 1956).
*902 In the Gulfco case, supra, the death of the party cast in judgment occurred prior to the judgment's rendition in the trial court. Final judgment was later rendered and signed against the deceased. When this same judgment was subsequently appealed, we remanded the case to the trial court for the purpose of permitting such substitution of parties as may have been appropriate under C.C.P. Art. 801 et seq.
We pretermit a determination of whether, under the circumstances of this case, the nullity of the judgment would require us to dismiss or merely to remand, for dismissal is compelled by other characteristics of this appeal.
From the record we note that this appeal was perfected from an unsigned judgment. An order of appeal was granted and the appeal bond filed four weeks before the trial judge signed the judgment. Our Supreme Court considered this issue in Brock et al. v. Police Jury of Rapides Parish et al., 198 La. 787, 4 So.2d 829 (1941), and stated:
"According to the record before us the judge had not signed the judgment which he had rendered when the plaintiffs asked for and were granted an appeal. We assume that the judgment was signed before the appellants filed their appeal bond; otherwise the appeal will have to be dismissed, even though the appellees may not move to dismiss it. There is no right of appeal from a final judgment until it is signed. Succession of Savoie, 195 La. 433, 196 So. 923." See also C.C.P. Art. 2083.
In Frazier v. Muse, 88 So.2d 729 (La. App. 1st, 1956), Judge Tate (now Justice Tate) dismissed an appeal upon noting that the order of appeal was issued three days before the judgment was signed. In Forman v. May, 201 So.2d 683 (La.App. 3rd, 1967), the court refused to allow the record to be supplemented with a signed judgment after the appeal had been perfected. See also Tate, Civil Procedure. 29 L.L.R. 269 (270-271).
We note here, as did the court in Forman, that serious jurisdictional problems could arise when the proper procedure for perfecting an appeal is not followed.
For the above assigned reasons this appeal is dismissed with all costs taxed to appellant.
Appeal dismissed.