322 So.2d 330 (1975)
Willene Peevy MOORHEAD, Plaintiff-Appellee,
v.
STATE of Louisiana, Through the DEPARTMENT OF HIGHWAYS, Defendant-Appellant.
No. 12731.
Court of Appeal of Louisiana, Second Circuit.
November 6, 1975.
Rehearing Denied December 9, 1975.
*331 Johnson, Johnson & Duke, by Marvin L. Duke, Monroe, for defendant-appellant.
Holloway, Baker, Culpepper & Brunson, by Bobby L. Culpepper, Herman A. Castete and Frank H. Dickinson, III, Jonesboro, for plaintiff-appellee.
Before HALL, MARVIN and BURGESS, JJ.
HALL, Judge.
Defendant-appellant, the State of Louisiana, Through the Department of Highways, hereinafter referred to as the Department, appeals from a judgment granting a preliminary injunction prohibiting the Department, its agents, assigns, or subcontractors from encroaching or constructing upon the lands of plaintiff-appellee, Mrs. Willene Peevy Moorhead, and a subsequent judgment denying the Department's *332 motion to dissolve the preliminary injunction.
Plaintiff filed suit against the Department for damages and injunctive relief. The petition alleged plaintiff's ownership of a tract of land approximately one acre in size upon which she resides located in Jackson Parish and fronting on U. S. Highway 167. Plaintiff alleged that the Department began widening Highway 167 and as a result thereof, operated numerous vehicles on her land, excavated her land, removed shrubs therefrom, and performed other types of construction work thereon. Plaintiff alleged irreparable injury and sought a preliminary injunction restraining the Department from performing construction work on her property during the pendency of the proceedings.
The preliminary injunction was granted after a hearing on a rule to show cause directed to the Department.
On appeal the Department's specifications of error raise three primary contentions in support of its position that the preliminary injunction was improvidently granted against the Department. First, the Department argues that it was not proven that anyone encroached upon plaintiff's property. Secondly, it is contended that if any work was done on the property of plaintiff it was done by contractors or utility companies over which the Department had no control. Finally, the Department contends plaintiff improperly joined her action for injunctive relief with an action for damages.
The Department's first contention is that the evidence as to the location of plaintiff's property line and as to encroachment over the line is insufficient and does not support the issuance of an injunction. While the evidence is brief, it adequately establishes the fact that some construction work in the form of digging, excavation, and trimming or cutting down trees was being conducted on plaintiff's property. The Department's own witness, a civil engineer, so testified. He identified iron pipes or stobs marking plaintiff's boundary and conceded there was some construction work done on her side of the line established by the stobs. The location of plaintiff's property line is adequately established by the legal description of the property, the Department map in the record, and the engineer's testimony concerning the iron pipes.
The Department contends that if any construction work was done on plaintiff's property, it was not done by the Department, but was done by contractors, subcontractors, or utility companies over which the Department has no control and for whose activities it is not responsible. Plaintiff established she was being disturbed in the possession and enjoyment of her property by persons and activities related to the highway construction project. The Department has responsibility for and supervision and control over construction, improvements and maintenance of highways. LSA-R.S. 48:21; 48:92. Injunctive relief is available to protect ownership, possession and enjoyment of immovable property. LSA-C.C.P. Art. 3663. Plaintiff made out a prima facie case for a preliminary injunction against the Department. It is only necessary that a prima facie case be made in order to obtain a preliminary injunction. Employers Overload Co. v. Employers Overload Co., N. O., 266 So.2d 546 (La.App. 4th Cir. 1972) writ refused 263 La. 375, 268 So.2d 260 (1972). The Department offered no evidence to support their contention that the activities complained of were done by parties over whom the Department had no control. No evidence was offered by the Department as to who actually did the work, except a suggestion by one witness that it may have been a utility company, or as to the Department's relationship (contractual or otherwise) with any such parties. In the absence of evidence to the contrary it can only be assumed the highway construction work was being done by or at the direction *333 of or under the control and supervision of the Department.
The Department contends plaintiff improperly cumulated actions for an injunction and for damages in one proceeding. Objection to this effect was made orally at the trial of the rule for a preliminary injunction. The Department had previously filed an answer in the nature of a general denial. Any objection to the improper cumulation was waived by the Department when it failed to raise the objection through a dilatory exception prior to answer. LSA-C.C.P. Arts. 926 and 928. In any event, when plaintiff went forward with the rule for injunctive relief she effectively elected to proceed with the action for an injunction, not the action for damages.
For the foregoing reasons, we find no error in the judgment of the district court granting plaintiff a preliminary injunction, which judgment is affirmed.
Affirmed.