325 So.2d 732 (1976)
J. George NOMEY
v.
STATE of Louisiana, DEPARTMENT OF HIGHWAYS.
No. 12799.
Court of Appeal of Louisiana, Second Circuit.
January 6, 1976.
D. Ross Banister, William W. Irwin, Jr., Jerry F. Davis, Johnie E. Branch, Jr., Baton Rouge, Johnson, Johnson & Duke by Don H. Johnson, Monroe, for defendant-appellant.
Holloway, Baker, Culpepper & Brunson by William H. Baker, Herman A. Castete and John H. Helm, Jonesboro, for plaintiff-appellee.
Before PRICE, HALL and MARVIN, JJ.
MARVIN, Judge.
In this case, as in the case of Namie v. Department of Highways, La.App., 325 So.2d 734, orders of appeal were sought, granted and perfected from a judgment of the lower court but before the judgment was signed. The judgment in each case was signed six days after the appeal and is in the record of each case.
In the recent case of Malbrough v. Kiff, 312 So.2d 915 (La.App. 1st Cir. 1975) the identical situation was presented. There the court squarely held, on its own motion, *733 that the appeal must be dismissed. The effect of the dismissal there was to deny review because the delays for appealing from the signed judgment had elapsed. This is the issue which confronts us, because the judgment in each case we are considering was signed on May 29, 1975, after the appeal was granted and perfected.
This issue must ultimately be resolved by our highest court because there exists, since the adoption of the Code of Civil Procedure, conflicts in the decisions of the several circuits.[1] We are now called on or compelled, so to speak, to choose sides in the controversy.
Since the issue hopefully will be resolved by the Supreme Court and since we see no real distinguishing factors and do not desire to burden the reporter system with lengthy discussion and reiteration of the reasoning and authorities behind the decisions of the other circuits, we shall state our opinion this way:
We believe it more in keeping with the spirit behind the Code of Civil Procedure to achieve an equitable and just result, that we adopt and follow the reasoning, authorities and rationale of the cases cited in the footnote denying the dismissal of the appeal. Appeals are favored under the law and the signing of the judgment appealed from at a point close in time to the time the judgment was orally stated, cures the alleged defect of a premature appeal, especially where the judgment as signed is not substantially different from the oral judgment; where the adverse party (the appellee) is not prejudiced and is given fair notice (see Paxton v. Ballard, 289 So.2d 85 (La.1974); Townsend v. Cleve Heyl Chevrolet, 318 So.2d 618 (La.App. 2d Cir. 1975) of the aim and purpose of the appellant's oral or written request to appeal, the court's granting of the appeal and the perfection of the appeal. These factors are present here and we respectfully choose not to follow our learned brothers of the First Circuit by dismissing the appeal under these circumstances.

ON THE MERITS
The State's appeal is from a writ of preliminary injunction prohibiting the Department of Highways from encroaching or constructing upon certain described property. The property in the instant case is contiguous to the property owned by appellee in the Namie appeal, above referred to. Each parcel of property fronts on U. S. Highway 167 in Jonesboro, which is being widened, overlayed and improved by the Department of Highways.
The evidence in each case is parallel and is similar to the evidence in the case of Moorhead v. State, through Dept. of Highways, La.App., 322 So.2d 330, rendered by this court on November 6, 1975 (Rehearing *734 refused on December 10, 1975). Plaintiff owns or possesses the property described in the petition and judgment. There was some construction work being done on the property and even outside markings identifying or roughly delineating the highway right of way. Plaintiffs established their possession of the property to the paved portion of the highway and appellant produced no evidence showing the existence of a right of way beyond the paved protion.
While the proof here supporting the grounds for injunction is minimal, it is only necessary, as we pointed out in Moorhead, that a prima facie case be made in order to obtain a preliminary injunction. See Employers Overload v. Employers Overload Co. of N. O., 266 So.2d 546 (La.App. 4th Cir. 1972), writ refused, 263 La. 375, 268 So.2d 260 (1972).
For the reasons assigned in Moorhead, on issues and contentions which are made here and which were made there, the judgment appealed from is
Affirmed.
NOTES
[1] Compare Malbrough v. Kiff, 312 So.2d 915 (La.App. 1st Cir. 1975); DiSalvo v. Picard, 303 So.2d 900 (La.App. 1st Cir. 1974), and Forman v. May, 201 So.2d 683 (La.App. 3d Cir. 1967) dismissing the appeals; with Richardson v. Richardson, 264 So.2d 699 (La.App. 4th Cir. 1972) and American National Insurance Co. v. Ramon, 204 So.2d 798 (La.App. 4th Cir. 1967) denying dismissal. See further discussion at 29 L.L.R. 269, 270-271. For cases under the Code of Practice compare Consolidated Association of Planters of La. v. Mason, 24 La.Ann. 518 (1872); LeBlanc v. Lemaire, 52 La.Ann. 1635, 28 So. 105 (1900); Greene v. Baynard, 194 La. 409, 193 So. 690 (1940); Vivian State Bank v. Holcomb, 13 La.App. 169, 127 So. 410 (2d Cir. 1930); Fidelity and Casualty Company of New York v. Callicott, 83 So.2d 671 (La.App. 1st Cir. 1955), and Frazier v. Muse, 88 So.2d 729 (La.App. 1st Cir. 1956) dismissing the appeals as premature; with Vicksburg, Shreveport and Texas Railroad Co. v. Hamilton, 15 La.Ann. 521 (1860); State v. Balize, 38 La.Ann. 542 (1886); State ex rel. Bush v. Trahan, 125 La. 312, 51 So. 216 (1910); Mossler Acceptance Co. v. Moliere, 181 So. 228 (La.App.Orl.1938); Erie v. Primos, 37 So.2d 832 (La.App.Orl.1948), and Cox v. Gross, 47 So.2d 102 (La.App. 1st Cir. 1950) denying dismissal. Prior to the Code of Practice, Belanger v. Gravier, 1 Mart (N.S.) 89 (1823); held an appeal granted prior to a subsequently signed judgment to be premature.