PER CURIAM:
The Court, ex proprio motu, has examined the record on appeal and concluded that the appeal taken therein must be dismissed as premature because no final judgment was signed by the district judge until after the appeal was perfected and the record lodged with this Court.
The judgment from which the appeal was taken was rendered on June 23, 1975, but the district judge did not sign a formal judgment until March 22, 1976. Before the final judgment was signed the appellant had obtained an order of appeal on July 23, 1975, and perfected the appeal by depositing with the Clerk of Court the required appeal bond in cash on the following day, July 24, 1975.
This Court noticed the absence of the final judgment after the record was lodged in this Court and verified with the district court that no signed judgment had ever been filed. The district court informed counsel for the appellant of the deficiency and he attempted to correct the record by obtaining a signed judgment and filing it in this Court.
We conclude that the law is that where the record on appeal fails to disclose a final judgment signed by the district judge, the appellate court must dismiss the appeal ex proprio motu as being premature. Forman v. May, La.App., 201 So.2d 683 (3rd Cir. 1967); DiSalvo v. Picard, La.App., 303 So.2d 900 (1st Cir. 1974); Frazier v. Muse, La.App., 88 So.2d 729 (1st Cir. 1956). See also LSA-C.C.P. Art. 1911 and Tate, Civil Procedure. 29 L.L.R. 269 (270-271).
Further, after a premature appeal from an unsigned judgment has been perfected it cannot be cured by the subsequent filing of *234 a signed judgment in the appellate record. Forman v. May; DiSalvo v. Picard, supra.
Accordingly, for the above and foregoing reasons, this appeal is dismissed without prejudice at the cost of the appellant.
APPEAL DISMISSED.