353 So.2d 1103 (1977)
Willene Peevy MOORHEAD, Plaintiff-Appellee,
v.
STATE of Louisiana, DEPARTMENT OF HIGHWAYS, Defendant-Appellant.
No. 13410.
Court of Appeal of Louisiana, Second Circuit.
December 5, 1977.
*1104 Johnson & Johnson by Don H. Johnson, Monroe, for defendant-appellant.
Baker, Culpepper & Brunson by Herman A. Castete, Jonesboro, for plaintiff-appellee.
Before PRICE, HALL and JONES, JJ.
JONES, Judge.
Defendant appeals a judgment awarding plaintiff $1,854.50 damages for trespass committed by defendant on her property adjacent to the highway right-of-way of U.S. # 167 in Jackson Parish, Louisiana. We affirm.
Defendant was widening U.S. # 167, and while this work was being performed adjacent to plaintiff's property, the individuals doing the work trespassed beyond defendant's right-of-way onto plaintiff's property removing four pine trees, one oak tree, leaving other trees with exposed roots, destroyed San Augustine turf on approximately 562 square feet of plaintiff's front yard and excavated the earth leaving a ditch in the area that previously had been a San Augustine lawn. Plaintiff, upon observing the damage being done to her property, obtained an injunction against defendant ordering it to cease encroaching on plaintiff's land. The injunction judgment was affirmed in this court. Moorhead v. State of Louisiana, Department of Highways, 322 So.2d 330 (La.App., 2d Cir. 1975).
In this proceeding plaintiff seeks damages which she sustained as a result of the trespass.
Defendant asserts plaintiff failed to establish the trespass was committed directly by defendant, and for that reason it is not liable for plaintiff's damage. In answer to this same argument made by defendant when we reviewed on appeal the proceedings wherein the injunction was granted we said:
"The Department contends that if any construction work was done on plaintiff's property, it was not done by the Department, but was done by contractors, sub-contractors, or utility companies over which the Department has no control and for whose activities it is not responsible.. . . The Department has responsibility for and supervision and control over construction, improvements and maintenance of highways. LSA-R.S. 48:21; 48:92. . . . The Department offered no evidence to support their contention that the activities complained of were done by parties over whom the Department had no control. No evidence was offered by the Department as to who actually did the work, except a suggestion by one witness that it may have been a utility company, or as to the Department's relationship (contractual or otherwise) with any such parties. In the absence of evidence to the contrary it can only be assumed the highway construction was being done by or at the direction of or under the control and supervision of the Department." Moorhead v. State of Louisiana, Department of Highways, supra, at pages 332-333.
Defendant offered no evidence in the damage proceedings exculpating it from charges of having trespassed upon plaintiff's yard and causing the damages established. The record reflects a bulldozer belonging to Louisiana Paving Company, defendant's prime contractor, encroached upon plaintiff's yard clearing an area for the relocation of public utilities. The relocation was necessary to the highway project. Defendant failed in its duty to supervise and control the work activity in connection with widening U.S. # 167 and permitted those performing the work to engage in activities beyond the defendant's right-of-way line and on plaintiff's property. Defendant did not attempt to establish *1105 that persons it was not responsible for and over whom it had no control cut plaintiff's trees and otherwise caused the damage complained of.
The trial judge found following issuance of the injunction against defendant there had been no further trespass upon plaintiff's property and the damages occurring before the injunction were due to the activities of defendant or those over which it exercised supervision and control. The record supports these findings.
Defendant contends plaintiff failed to sufficiently prove damages. The four pine trees defendant cut from plaintiff's yard had been planted by her in 1956 and the oak tree had been there much longer. Considering the esthetic value of these trees, the possibility that others with exposed roots might die, the destruction of some 500 square feet of San Augustine turf and disturbance of soil which will require extensive fill, the trial court's award of actual damages of $854.50 is not excessive.
The actions of defendant in damaging plaintiff's lawn caused her substantial mental anguish and the award of $1,000 she received for this element of damages was fair and reasonable. See Dickerson v. R. J. M. Pipeliners, Inc., 331 So.2d 501 (La.App., 2d Cir. 1976) wherein we reduced an award of $2,500 to $1,500 for mental anguish in a trespass case similar to the one here.
For reasons assigned, we affirm the decision of the trial court at defendant's cost.