ELLIS, Judge:
This is a suit on open account brought by C. H. Masland & Sons, a Pennsylvania corporation, against Charles Carter & Compa *198 ny, Inc., a Louisiana corporation. To the petition, defendant filed an exception of procedural capacity, which was sustained by the trial court, and plaintiff’s suit was dismissed. From the judgment of dismissal plaintiff has appealed.
The exception is based on the allegation that Masland is a foreign corporation doing business in the state, which has not qualified to do business under R.S. 12:301. It is argued that plaintiff has no procedural capacity under R.S. 12:314A, which provides:
“No foreign corporation transacting business in this state shall be permitted to present any judicial demand before any court of this state, unless it has been authorized to transact such business, if required by, and as provided in, this Chapter. The burden of proof shall rest upon the corporation to establish that it has been so authorized, and the only legal evidence thereof shall be the certificate of the Secretary of State or a duly authenticated copy thereof.”
In support of the exception defendant offered no evidence other than a certificate from the Secretary of State that “ . a search of our records fails to reveal a corporation presently qualified by the name C. H. Masland & Sons.” Plaintiff offered an affidavit, which was properly not considered by the trial judge.
Plaintiff argues that defendant failed to make out its case, because it did not prove that plaintiff was doing business in Louisiana, and that defendant bore the burden of proving that fact. Defendant argues that plaintiff must prove it has been authorized to present a judicial demand before the courts of this state under R.S. 12:314A.
It is well settled that R.S. 12:314A does not apply to foreign corporations which are not doing business in Louisiana. Such corporations have free access to our courts. It is also settled that “ . . .an exception of want of procedural capacity is an affirmative defense casting the burden of proof upon the pleader to prove same by a preponderance of the evidence.” Hattiesburg Manufacturing Co. v. Pepe, 140 So.2d 449 (La.App. 1st Cir. 1962).
 In order to prove its case, defendant must show, by a preponderance of the evidence that plaintiff is doing business in the state, and that it has not been authorized to do so. Defendant has shown only that plaintiff has not qualified to do business. The exception should have been overruled.
The judgment appealed from is therefore reversed and set aside, and the case remanded to the trial court for further proceedings in accordance with law. Defendant is granted 10 days from the date on which this judgment becomes final to file its answer. All costs of this appeal shall be paid by defendant, with all other costs to await final determination of the case on its merits.
REVERSED AND REMANDED.