CHIASSON, Judge.
On September 22, 1978 and October 31, 1978, two judgments were entered via minute entries by the Family Court, East Baton Rouge Parish. On November 10, 1978, a motion for new trial was filed by the defendant-appellant which was denied by the court on December 7, 1978. An appeal was granted on December 13, 1978, and a written judgment was signed on January 3, 1979. Another appeal was granted from this judgment on February 15, 1979. On February 15, 1979, this court ex proprio motu issued an order to show cause why this appeal should not be dismissed for prematurity or untimeliness.
We believe the rule requiring a signed judgment before an appeal can be taken is one which is in the best interest of fairness to the litigants and judicial efficiency. Without a signed judgment, confusion and complications can easily arise which could result in an unfair advantage being given to a litigant. We particularly note the potential problems involved with an appeal taken with no signed judgment in relationship to the Louisiana Code of Civil Procedure, Articles 1913 and 1974, relating respectively to notice of the signing of judgments and the delay for applying for new trials.
While we disagree with the holding, we had understood Nomey v. State, Department of Highways, 325 So.2d 732 (La.App. 2nd Cir. 1976) to be limited in its application. The court in Nomey held:
“We believe it more in keeping with the spirit behind the Code of Civil Procedure to achieve an equitable and just result, that we adopt and follow the reasoning, authorities and rationale of the cases cited in the footnote denying the dismissal of the appeal. Appeals are favored under the law and the signing of the judgment appealed from at a point close in time to the time the judgment was orally stated, cures the alleged defect of a premature appeal, especially where the judgment as signed is not substantially different from the oral judgment; where the adverse party (the appellee) is not prejudiced and is given fair notice (see Paxton v. Ballard, 289 So.2d 85 (La.1974); Townsend v. Cleve Heyl Chevrolet, 318 So.2d 618 (La. App. 2d Cir. 1975) of the aim and purpose of the appellant’s oral or written request to appeal, the court’s granting of the appeal and the perfection of the appeal. These factors are present here and we respectfully choose not to follow our learned brothers of the First Circuit by dismissing the appeal under these circumstances.” (Emphasis supplied).
We do not know how many days elapsed between the time the judgment was orally stated and when the judgment was signed in Nomey. However, we understood the court to mean by its phrase “a point close in time” that a very short time span was involved.
We wish to emphasize that we read No-mey to say that if a judgment is signed at a point close in time to when it was orally stated, then an appeal taken before the judgment was signed would not be premature.
The court in Nomey also stated the following:
“In this case, as in the case of Namie v. Department of Highways, La.App., 325 *1178 So.2d 734, orders of appeal were sought, granted and perfected from a judgment of the lower court but before the judgment was signed. The judgment in each case was signed six days after the appeal and is in the record of each case.” (Emphasis supplied).
Nomey might be read to mean that any defect in prematurity of an appeal taken from an unsigned judgment would be cured if the judgment is signed at a point close in time to the granting of the appeal. We believe the Supreme Court used this interpretation when deciding Palmer v. Wren, 361 So.2d 1206 (La.1978). Using the above reading of Nomey any defect of prematurity is cured because only fourteen (14) days elapsed between the order of appeal (January 23, 1978) and the signing of the judgment (February 6, 1978). Fourteen (14) days was interpreted by our Supreme Court to be a “point close in time.”
We believe the Supreme Court read No-mey as we have just described because under our reading of Nomey as applied to Palmer, the defect in prematurity would not be cured since 138 days elapsed between the rendering of the judgment (September 21, 1977) and the signing of the judgment (February 6, 1978). We would have interpreted 138 days as not being a “point close in time.”
In the instant case, under what we believe to be the Supreme Court’s interpretation of Nomey, 21 days elapsed between the granting of the appeal (December 13, 1978) and the signing of the judgment (January 3, 1979). We find that 21 days is also a “point close in time.”
For these reasons the appeal is timely.
RULE RECALLED AND VACATED.