EDWARDS, Judge.
Appellee, Kim Lorraine Parker Clement Chopin, seeks to dismiss the appeal of Randy Joseph Parker.
A review of the record shows that on October 8,1980, the trial court gave “ORAL REASONS FOR JUDGMENT (.)” At the end of these reasons is the statement: *374 “JUDGMENT READ AND SIGNED in Chambers, this 8th day of October, 1980.”
From this proceeding, Randy Parker appealed on October 15, 1980.
Judgment in the matter was signed on October 22, 1980.
Appellee urges that the appeal should be dismissed for prematurity.
LSA-C.C.P. Art. 1918 provides:
“A final judgment shall be identified as such by appropriate language. When written reasons for the judgment are assigned, they shall be set out in an opinion separate from the judgment.”
LSA-C.C.P. Art. 1911 provides:
“Except as otherwise provided by law, every final judgment shall be signed by the judge. For the purpose of an appeal as provided in Article 2083, no appeal may be taken from a final judgment until the requirement of this Article has been fulfilled.”
The document signed October 8, 1980, was clearly labeled “ORAL REASONS FOR JUDGMENT (.)” Language at the bottom stating “JUDGMENT READ AND SIGNED.” cannot rationally be construed as converting reasons for judgment into a formal judgment. Nor is “oral reasons for judgment” appropriate language with which to identify a final judgment. LSA-C.C.P. Art. 1918. Furthermore, the content of the “reasons for judgment” has no decretal language as does any ordinary judgment, including the one signed on October 22. No appeal may be taken from reasons for judgment. Pearce, ex rel. Livestock Sanitary Board v. Johnson, 250 So.2d 567 (La.App.3rd Cir. 1971).
No appeal was proper until final judgment was signed on October 22, 1980. Counsel’s explanation that “I was not aware that a Judgment had not been formally signed by the Court and it was necessary for me to submit a formal Judgment” is of no avail.
For the foregoing reasons, appellee’s motion to dismiss the appeal for prematurity is granted and the appeal is hereby dismissed. All costs of this appeal are to be paid by Randy Joseph Parker.
MOTION TO DISMISS APPEAL GRANTED.