415 So.2d 219 (1982)
Willie REED, Plaintiff-Appellant,
v.
SUPERIOR MOTORS and Hartman Mitchell, Defendants-Appellees.
No. 14874.
Court of Appeal of Louisiana, Second Circuit.
March 31, 1982.
Larry D. Jefferson, Monroe, for plaintiff-appellant.
William E. Armstrong, Monroe, for defendants-appellees.
Before HALL, MARVIN and NORRIS, JJ.
MARVIN, Judge.
After a judgment was orally pronounced rejecting the demands of each litigant, but before the judgment was signed, plaintiff perfected an appeal to this court. The judgment was signed several days later. Defendant moved to dismiss the appeal.
In Nomey v. State, Department of Highways, 325 So.2d 732 (La.App. 2d Cir. 1976), the identical situation was presented. We said:
"We believe it more in keeping with the spirit behind the Code of Civil Procedure to achieve an equitable and just result, that we adopt and follow the reasoning, authorities and rationale of the cases cited in the footnote denying the dismissal of the appeal. Appeals are favored under the law and the signing of the judgment appealed from at a point close in time to the time the judgment was orally stated, cures the alleged defect of a premature appeal, especially where the judgment as signed is not substantially different from the oral judgment; where the adverse party (the appellee) is not prejudiced and is given fair notice ... of the aim and purpose of the appellant's oral or written request to appeal, the court's granting of the appeal and the perfection of the appeal. These factors are present here and we respectfully choose not to follow our *220 learned brothers of the First Circuit by dismissing the appeal under these circumstances." 325 So.2d at p. 733 (citations omitted.)
The Supreme Court adopted this rationale in Palmer v. Wren, 361 So.2d 1206 (La. 1978).
Act 618 of 1979 thereafter amended C.C.P. Art. 1911 to provide:
"Except as otherwise provided by law, every final judgment shall be signed by the judge. For the purpose of an appeal as provided in Article 2083, no appeal may be taken from a final judgment until the requirement of this Article has been fulfilled."
After this amendment, the Supreme Court reinstated an appeal which was dismissed by the appellate court under circumstances similar to those presented here. See Matter of Parker, 395 So.2d 373 (La. App. 1st Cir. 1981), appeal reinstated 399 So.2d 607 (La.1981). Compare Painter v. Continental Union Assurance Company, 407 So.2d 500 (La.App. 1st Cir. 1981).
Again we hold to the view as expressed in Nomey. Act 618 of 1979, in our opinion, does nothing more than statutorily reiterate the prior jurisprudential pronouncements that an appeal must be from a signed judgment. The appeal, originally premature, is not subject to dismissal if the judgment is later signed and is substantially the same as the judgment orally pronounced, and the appellee is given fair notice of the appellant's intent to appeal, of the granting of the appeal, and of the perfection of the appeal. Nomey, Palmer, Parker, supra. Those circumstances are present here.
The motion to dismiss the appeal is denied.