CUTRER, Judge.
MOTION TO DISMISS
The defendants-appellees, National General Insurance Company and Shirley B. Reams, move to dismiss the appeal of the appellant, Liberty Mutual Insurance Company. The appellee bases its motion to dismiss on allegations that the appellant is not appealing the judgment rendered in appellees’ favor.
On 10 March 1982, the court ruled in favor of National General Insurance Company and Shirley Reams and their co-defendants, Betty Cabra and General Accident Fire and Life Assurance Corporation granting their motions for summary judgment against the appellant.
Two judgments were signed pursuant to this decision of the trial court. On 12 March, the trial judge signed the judgment as submitted by Betty Cabra and General Accident. The judgment as submitted by Shirley Reams and National General, appel-lee-movers, was signed on 15 March. This judgment incorrectly stated that it was rendered and signed on 15 March when in fact it was rendered on 10 March and signed 15 March.
The Motion and Order for Appeal stated that the court was granting an appeal from the judgments rendered on 10 March 1982 and signed on 12 March 1982. The appel-lees-movers argue that, since the motion was signed on 13 March the Motion and Order for Appeal does not apply to their judgment which was signed on 15 March. We disagree.
*273 It is obvious from reviewing the record that appellant intended to appeal both judgments. The appellant announced his intention to appeal both judgments during the oral arguments. Even the Motion and Order for Appeal refers to “the judgments [plural] rendered on 10 March in open court.” An appeal, originally . premature when taken from oral pronouncement of judgment but before the judgment is signed, is not subject to dismissal where judgment is later signed and is substantially the same as the judgment orally pronounced, and where appellee is given fair notice of the intent to appeal, of granting of appeal, and perfection of appeal. Reed v. Superior Motors, 415 So.2d 219 (La.App. 2nd Cir.1982). Appellees-movers have made no allegation that they did not receive notice of the appeal or were prejudiced in any way.
MOTION DENIED.