CUTRER, Judge.
Plaintiff, Williamson-Dickie Apparel Manufacturing Company (Williamson-Dick-ie), appeals a judgment sustaining an exception of “no right of action” filed by the defendant, Hanger, Inc., in plaintiff’s suit on an open account.
The exception of “no right of action” was sustained by the trial court after a hearing on February 22, 1982. On March 11, 1982, a judgment to this effect was signed and plaintiff was given thirty days “to amend their pleadings to state a right of action.” No amendment was filed as ordered by the court and a judgment dismissing plaintiff’s suit was signed on April 21, 1982.[1] We affirm.
Plaintiff is a Texas corporation which is not authorized to do business in Louisiana. Defendant is a Louisiana corporation. Plaintiff sold certain goods to defendant and instituted an action on open account to collect the purchase price of these goods.
Before filing an answer defendant filed an exception entitled “Exception of No Right of Action.” Defendant maintained that plaintiff was doing business in Louisiana within the meaning of LSA-R.S. 12:314 and, because plaintiff was not authorized to do business in this state, plaintiff could not use the courts of this state to collect its accounts.[2]
At the hearing on the exception defendant introduced plaintiff’s answers to interrogatories. These answers show plaintiff has over five hundred customers in Louisiana; plaintiff employs two salesmen who live in Louisiana; plaintiff, or a wholly owned subsidiary, owns two warehouses in Louisiana; plaintiff has sold its product in Louisiana for approximately fifty years; plaintiff attends trade shows in Louisiana and consummates some sales at these shows; in 1980, plaintiff’s sales in Louisiana totaled more than $3.6 million. Defendant also questioned Harry Coleman, president and owner of defendant corporation, about his business dealings with plaintiff in Louisiana.
Plaintiff briefly cross-examined Coleman and put no other evidence before the court. *604 Plaintiff argued to the trial court that defendant’s exception should be considered dilatory in nature; that is, the proper exception would be lack of procedural capacity and, if defendant’s exceptions were sustained, plaintiff be given the time to qualify to do business in the state.
After hearing the evidence and arguments the trial court ruled, as follows:
"... I’m going to sustain the objection and allow the plaintiff thirty days to amend his pleadings to set forth a cause of action. If he does not, then the exceptions will be maintained and the suit will be dismissed.”[3] The issues are:
(1) Whether plaintiff’s activities constitute transacting business with the state of Louisiana; and
(2) Whether the exception raised by defendant is a peremptory exception of no right of action or a dilatory exception of lack of procedural capacity.
TRANSACTING BUSINESS
The trial court found that plaintiff was transacting business within the state of Louisiana. No written reasons for judgment appear in the record. We shall examine the entire record to determine whether the trial court was clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Company, 283 So.2d 716 (La.1973).
LSA-R.S. 12:302 lists acts which do not constitute transacting business in Louisiana. No statutes establish those acts which do constitute transacting business within the state. Counsel for both parties have cited jurisprudence which point to different factors to be taken into consideration in deciding the question before us. We have examined the factors considered in our jurisprudence and applied them to the undisputed facts herein. We conclude that the trial court was correct in ruling that a foreign corporation which (1) had over five hundred customers in this state; (2) generated over three million dollars, in the last reported year, inside the state; (3) employed two residents of this state as salesmen; (4) owned, directly or through wholly owned subsidiaries, two warehouses in the state; (5) made credit sales in this state; (6) attended trade shows and consummated sales in this state; and (7) has sold its product in this state for approximately fifty years, is clearly transacting business in this state. Plaintiff, not being authorized to do business in this state, lacks the capacity to sue in our courts for the collection of its accounts.
EXCEPTION OF NO RIGHT OF ACTION OR LACK OF PROCEDURAL CAPACITY
Plaintiff counsel argues that, in the event it is found that plaintiff was transacting business in this state, the trial court erred by treating the exception as one of “no right of action.” Counsel contends that the exception should have been construed as an exception of lack of procedural capacity, which is a dilatory exception, the sustaining of which would not defeat plaintiff’s action, but would have the effect of delaying same until plaintiff could qualify to do business in Louisiana. Plaintiff argues that dismissing the plaintiff’s suit by sustaining an exception of no right of action defeated plaintiff’s action.
An examination of the jurisprudence cited by plaintiff’s counsel fully supports his position. In the case of West Publishing Co. v. Intrastate Pipeline Corp., 254 So.2d 643, 645 (La.App. 4th Cir.1971), writ ref’d, 260 La. 405, 256 So.2d 290 (1972), the court held as follows:
“However, under LSA-R.S. 12:211(A), a corporation may institute a judicial de *605 mand when it complies with state laws for doing business in Louisiana and pays all taxes, excises and licenses due the state. Even where its suit has been dismissed for noncompliance with the statute. it may bring the suit again after discharging its obligations to the state., Thus the objection under LSA-R.S. 12:211(A) can only delay or retard, and cannot defeat, the action and the objection is in the nature of a dilatory exception (LSA-C.C.P. Art. 928).... On this question Outdoor Electric Advertising v. Saurage, 207 La. 844, 21 So.2d 375, handed down by the Supreme Court of Louisiana, is directly in point and therefore controlling on this court.” (Emphasis ours.)
The defendant entitled the exception “no right of action” and the trial court sustained the exception as such but granted plaintiff thirty days to qualify and amend its petition. The failure of plaintiff to qualify and amend resulted in the dismissal and appeal.
The jurisprudence clearly reflects that the exception should be construed as one of lack of procedural capacity. Even though the exception is labeled “no right of action,” we shall consider it as an exception of lack of procedural capacity.
Katz v. Katz, 412 So.2d 1291, 1293 (La.1982) provides:

“ ‘Every pleading shall be so construed as to do substantial justice.’ (C.C.P. 865). The source provision of this article was, according to the Official Revision Comments, ‘... a constant reminder ... that pleading is not an end in itself but merely a means to an end, . ..’ For the last quarter of a century, continues the comment, the decisions of Louisiana courts have been in accord with the philosophy that technical objections and harsh rules of pleadings should never be favored. Each pleading should be so construed as to do substantial justice. Haskins v. Clary, 346 So.2d 193 (La.1977); Pence v. Ketchum, 326 So.2d 831 (La.1976); Eschete v. City of New Orleans, 258 La. 133, 245 So.2d 388 (1971).”

Also, LSA-C.C.P. art. 2164 provides that the appellate court shall render any judgment which is just, legal and proper upon the record on appeal.
LSA-R.S. 12:211 does not envision a defeat of plaintiffs action but only to retard the action until plaintiff qualifies to do business under the provisions thereof. To accomplish this result we shall construe the exception as lack of procedural capacity and affirm the dismissal without prejudice. This conclusion will do substantial justice and comply with the jurisprudence cited above. The trial court judgment will be amended and affirmed accordingly.
For these reasons, the judgment of the trial court dismissing plaintiff’s suit is affirmed except that such dismissal shall be “without prejudice.” Plaintiff-appellant is to pay all costs of this appeal.
AMENDED AND AFFIRMED.

. The appeal was actually taken April 13, 1982, before the judgment of dismissal was signed, but the fact that this appeal was filed before the dismissal judgment was signed by the trial court does not affect the. validity of this appeal. See, Palmer v. Wren, 361 So.2d 1206 (La.1978) which adopts Nomey v. State, 325 So.2d 732 (La.App. 2nd Cir.1976); Reed v. Superior Motors, 415 So.2d 219 (La.App. 2nd Cir.1982), and Magnum Corporation v. Dauphin, 286 So.2d 415 (La.App. 3rd Cir.1973).

. “A. No foreign corporation transacting business in this state shall be permitted to present any judicial demand before any court of this state unless it has been authorized to transact such business, if required by, and as provided in, this Chapter. The burden of proof shall rest upon the corporation to establish that it has been so authorized, and the only legal evidence thereof shall be the certifícate of the secretary of state or a duly authenticated copy thereof.”

. In the colloquy between the judge and lawyers that followed there was confusion as to what type of objection was being ruled upon. The trial judge correctly pointed out, “Well, it can’t be a no cause of action.” The judge continued, “It might be a no right of action.” The judge’s allowance of thirty days time for corrective action by the plaintiff, in effect, treats the exception as dilatory (lack of procedural capacity). We shall discuss this further in this opinion.