REDMANN, Chief Judge.
We deny our own motion to dismiss this appeal from a judgment not signed until six days after the motion for appeal. (C.C.P. 1911 allows appeal only from a signed judgment.) The matter is controlled by In the Matter of Parker, 399 So.2d 607 (La.1981), reversing the First Circuit, 395 So.2d 373.
The First Circuit distinguishes Parker in Painter v. Continental Union Assur. Co., 407 So.2d 500 (La.App. 1 Cir.1981), and in Brown v. Brown, 421 So.2d 952 (La.App. 1 Cir.1982), on the basis that Parker contained written “reasons for judgment” that might have been interpreted as a judgment.
We disagree with that distinction because the Louisiana supreme court has often held that a judgment’s not being signed at the time the appeal is taken does not warrant dismissal of the appeal if, by the time the appeal is lodged, the signed judgment is present in the record. The most recent of these decisions is Palmer v. Wren, 361 So.2d 1206 (La.1978) (also reversing the First Circuit), declaring that “Nomey v. St. Department of Highway, La.App. [2 Cir.1976], 325 So.2d 732, ... has correctly decided this issue.” Seven earlier such decisions by the supreme court are listed in Richards v. Gettys, 329 So.2d 475 (La.App. 4 Cir.1976). For a fuller exposition see Reed v. Superior Motors, 415 So.2d 219 (La.App. 2 Cir.1982), which is consistent with this court’s and the supreme court’s earlier decisions and which, if Parker be distinguishable, we follow.
Motion denied.