REGINA B. HEISLER, INDIVIDUALLY AND
AS SUCCESSION
REPRESENTATIVE/EXECUTRIX OF THE
SUCCEESSION OF FREDERICK P.
HEISLER

VERSUS

GIROD LOANCO, LLC

NO. 20-C-56

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

June 17, 2020

Susan Buchholz

First Deputy Clerk

## ON APPLICATION FOR REHEARING

Panel composed of Fredericka Homberg Wicker,
Jude G. Gravois, and Robert A. Chaisson

**DENIED**

    **FHW**
    **JGG**
    **RAC**

**WICKER, J.**

For the following reasons, the application for rehearing filed by Regina B. Heisler, individually and as succession representative/executrix of the Succession of Frederick P. Heisler ("Heisler"), is denied.

As discussed in our March 5, 2020 writ disposition, relator Heisler and respondent Girod LoanCo, LLC ("Girod") are engaged in a foreclosure proceeding by executory process filed in the 24th Judicial District Court. This Court based our March 5, 2020 denial of Relator's application for supervisory review of the trial court's January 6, 2020 order on our finding that the trial court correctly denied applicant's motion/exception as duplicative, further as an improper defense in an executory process action pursuant to La. C.C.P. art. 2642. Additionally, we found the declaratory relief sought by relator was unwarranted as "Girod has standing to proceed in this court pursuant to La. R.S. 12:1343, which allows a foreign limited liability company to secure or collect debts or enforce any rights in property securing the debts without obtaining a certificate of authority from the secretary of state. La. 12:1343(7)."

Relator asks us to reconsider only our finding that Girod has standing to file claims in the courts of Louisiana. According to Relator, *Millburn v. Proctor Trust*, 54 F. Supp. 989 (W.D. La. 1944), and *Henson v. Santander*, 582 U.S. ---, 137 S. Ct. 1718, 198 L. Ed. 2d 177 (2017), are controlling and require us to conclude that Girod has no standing or right of action to file claims in any Louisiana court.

Relator cites *Millburn* for the proposition that "no foreign corporation doing business in this State shall be permitted to present any judicial demand before any court of this State, unless and until it has complied with the laws of this State for doing business herein," and that, because Girod was not qualified to do business in the State of Louisiana when the suit was filed, Heisler's exception of no right of action should have been granted. *Milburn*, 54 F. Supp. at 994. First, the Louisiana Supreme Court has held that the proper procedural exception for invoking La. R.S. 12:314[1] is the exception to procedural capacity rather than no right of action. *Outdoor Elec. Advert. v. Saurage*, 207 La. 344, 351–53; 21 So.2d 375, 377–78 (1945); *see J. R. Watkins Co. v. Floyd*, 119 So.2d 164, 166–67 (La. App. 1 Cir. 1960); *Williamson-Dickie Apparel Mfg. Co. v. Hanger, Inc.*, 422 So.2d 602, 604–05 (La. App. 3 Cir. 1982).

Further, the burden of proving that a foreign corporation lacks procedural capacity to sue in Louisiana State courts because it is doing business in the state without authorization from the Secretary of State lies with the individual urging such a defense. *Bottle Poetry, LLC v. Doyle Rest. Grp. Franchise Co., LLC*, 13-0406 (La. App. 4 Cir. 1/15/14); 133 So.3d 60, 64–65, *writ denied*, 14-0335 (La. 4/11/14); 138 So.3d 606. Like the defendant in *C.M. Masland and Sons v. Charles Carter and Co., Inc.*, Heisler submitted a certificate from the Secretary of State, stating that a records search failed to reveal a qualified corporation named Girod LoanCo, LLC, in support of her exception. 364 So.2d 197, 197–98 (La. Ct. App.1978), *writ denied,* 366 So.2d 563 (La.1979). Since La. 12:314(A) does not apply to corporations not doing business in the state pursuant to La. R.S. 12:302,

---

[1] "No foreign corporation transacting business in this state shall be permitted to present any judicial demand before any court of this state unless it has been authorized to transact such business, if required by, and as provided in, this Chapter."

that document alone would not satisfy Heisler's burden of proof. *See Williamson-Dickie*, 422 So.2d at 604; *C.M. Masland*, 364 So.2d at 197–98.

In fact, Girod asserted that La. R.S. 12:1343(7) provides that a foreign limited liability company shall not be considered to be doing business in Louisiana such that it would be required to obtain a certificate of authority from the Secretary of State when it is "securing or collecting debts or enforcing any rights in property securing the debts." In response, Heisler argued that La. R.S. 12:1343(7) did not apply to Girod because Girod is not a debt collector within the meaning of the Fair Debt Collection Practices Act [15 U.S.C. § 1692a(6)] as interpreted by *Henson*.[2] The fact that Girod would not be subject to suit under the Fair Debt Collection Practices Act is not relevant to this case. The language of La. R.S. 12:1343(7) does not mention debt collectors, it mentions the act of collecting debts. Heisler's reliance on *Henson* is misplaced.

Furthermore, Uniform Rules-Courts of Appeal, Rule (URCA) 2-18.7 provides as follows:

### 2-18.7. When Rehearing Will Be Considered

An application for rehearing will be considered in cases where the court has:

(A) Granted a writ application on the merits;
(B) Dismissed an appeal; or
(C) Ruled on the merits of an appeal.

URCA Rule 4-9 provides that "Rules 2-18.1 through 2-18.7 apply to requests for rehearings related to writ applications."

As relator is not entitled to a rehearing and for the reasons discussed above, her application for rehearing is denied.

---

[2] Santander was not subject to the Fair Debt Collection Practices Act because it did not qualify as a "debt collector" meaning one who "regularly collects or attempts to collect . . . debts owed or due . . . another." 137 S. Ct. at 1720–21. Heisler argues that Girod, like Santander, is not a debt collector because it owned the debt it was attempting to collect.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## <u>NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY</u>

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY <u>06/17/2020</u> TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**20-C-56**

**CURTIS B. PURSELL**
CLERK OF COURT

### <u>E-NOTIFIED</u>
Henry L. Klein (Relator)
James E. Lockridge (Respondent)
Katilyn M. Hollowell (Respondent)
Jill A. Gautreaux (Respondent)

### <u>MAILED</u>
Michael G. Bagneris (Relator)
Attorney at Law
935 Gravier Street
Suite 2110
New Orleans, LA 70112