STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 1657

JODY F. HARRIS

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS

Judgment Rendered: **AUG 0 3 2020**

\* \* \* \* \* \* \* \*

Appealed from the 19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Case No. 684513

The Honorable Timothy E. Kelley, Judge Presiding

\* \* \* \* \* \* \* \*

Jody F. Harris                                    Plaintiff/Appellant
Angie, LA                                         In Proper Person

Jonathan R. Vinning                               Counsel for Defendant/Appellee
Baton Rouge, LA                                   Louisiana Department of Public
                                                  Safety and Corrections

BEFORE: HIGGINBOTHAM, PENZATO AND LANIER, JJ.

**LANIER, J.**

In the instant appeal, plaintiff/appellant, Jody F. Harris, challenges the 19th Judicial District Court's September 25, 2019 judgment, dismissing his petition for judicial review without prejudice. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

Mr. Harris, an inmate in the custody of the Louisiana Department of Public Safety and Corrections (LDPSC), filed a petition for judicial review of an administrative remedy denial after both steps of his administrative remedy procedure (ARP) had been exhausted. Although he did not attach a copy of LDPSC's final decision to deny him his requested administrative relief, Mr. Harris attached a letter in which he claimed that he was deprived of 330 days of good time credit and transferred to extended lockdown housing for what he characterized as minor disciplinary infractions.[1] He claimed the disciplinary actions taken against him were excessive for the infractions he purportedly committed and requested restoration of his good time credit.

Mr. Harris explained his failure to provide documentation of LDPSC's decision was due to a letter he received on June 10, 2019 from a Col. Mike Todd, presumably a correctional officer, in which Mr. Harris's request for a copy of the ARP response was denied. Mr. Harris further stated that he was told by Col. Todd that if copies of documents are needed for court proceedings, the copies would be supplied to the court once the correctional facility was notified by the court to do so. Although Mr. Harris claimed to be in possession of this response from Col. Todd, as well as copies of his conduct record and loss of his good time credit, he attached none of these documents to his petition.

---

[1] Mr. Harris described the infractions as "Defiance" and "Aggravated Disobedience," but gave no definitions of the terms.

On July 9, 2019, the district court issued a "multiple claims order," which stated that Mr. Harris had included more than one claim in his petition for judicial review. Mr. Harris was ordered to respond within 30 days as to which claim or administrative record number listed in the petition he sought to be reviewed. The two administrative record numbers contained in Mr. Harris's petition are "RCC-2018-609" and "RCC-2016-03." Mr. Harris filed a response on July 19, 2019, in which he stated that he wished only to proceed with "DBA 2016-03."[2]

The commissioner for the 19th JDC issued a screening report on July 30, 2019,[3] in which it was noted that Mr. Harris had filed several ARPs all beginning with the prefix "RCC-2016-03," and had failed as ordered to select one ARP decision for judicial review. The commissioner therefore recommended to the district court that Mr. Harris's petition for judicial review be dismissed without prejudice. Mr. Harris filed a traversal to the commissioner's recommendation on September 23, 2019, in which he stated that he only knew "DBA # 2016-03" as being one ARP decision, not several as the commissioner claimed, and requested discovery so that he could obtain the necessary documents to clarify his petition for judicial review. Mr. Harris attached to his traversal the letter from Col. Todd, dated June 10, 2019, in which Mr. Harris's request for copies of the ARP decisions in question was denied.

On September 25, 2019, the district court signed a judgment, which adopted the commissioner's recommendation and dismissed Mr. Harris's petition without prejudice. Mr. Harris filed a motion for reconsideration on October 25, 2019, and

---

[2] The "DBA" prefix was provided by Mr. Harris only and is not provided for anywhere else in the record, but the number is purportedly one of his ARP numbers.

[3] The office of the commissioner of the 19th Judicial District Court was created by La. R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. La. R.S. 13:713(A). The district judge "may accept, reject, or modify in whole or in part the findings or recommendations made by the commissioner and also may receive further evidence or recommit the matter to the commissioner with instructions." La. R.S. 13:713(C)(5).

then filed the instant appeal on November 13, 2019, before the district court could address the motion for reconsideration.

## SUBJECT MATTER JURISDICTION

On February 10, 2020, this court issued a rule to show cause as to why the instant appeal should be maintained. The reviewing court signed its judgment on September 25, 2019. On October 25, 2019, Mr. Harris filed the "motion for reconsideration," its disposition still pending before the district court. Therefore the instant appeal appears premature on its face.

Appellate courts have a duty to examine subject matter jurisdiction *sua sponte*, even when the parties do not raise the issue. *Advanced Leveling & Concrete Solutions v. Lathan Company, Inc.*, 2017-1250 (La. App. 1 Cir. 12/20/18), 268 So.3d 1044, 1046. Appellate courts must dismiss the appeal *ex proprio motu* if it is premature. See *Air Compressors, Inc. v. Big Chief Const. Co., Inc.*, 334 So.2d 233 (La. App. 1 Cir. 1976) (per curiam).

The Louisiana Code of Civil Procedure does not provide for a motion to reconsider with respect to any judgment, and such a motion is generally treated as a motion for new trial. *State, Department of Children and Family Services v. Redmann*, 2017-0050 (La. App. 5 Cir. 10/25/17), 231 So.3d 897, 901. An order of appeal is premature if granted before the court disposes of all timely filed motions for new trial, and the order becomes effective upon the denial of such motions. La. C.C.P. art. 2087(D); See also *Lane v. Lane*, 2015-1572 (La. App. 1 Cir. 2/26/16), 2016WL770832, *2 (unpublished). However, the filing of an untimely motion for new trial does not extend the delay period for filing an appeal, even if the trial court does not recognize that it is untimely, conducts a hearing, and considers the motion for new trial. See *Nelson v. Teachers' Retirement System of Louisiana*, 2010-1190 (La. App. 1 Cir. 2/11/11), 57 So.3d 587, 589-90 (once the seven-day

period for filing a motion for new trial has passed, and no motion for new trial is filed or said motion is untimely filed, the judgment becomes final, and appellate delays begin to run.)

In the instant appeal, the new trial delay ended on October 7, 2019. As such, the motion for reconsideration filed on October 25, 2019 is untimely. See La. C.C.P. art. 1974.[4] Because the motion for reconsideration was untimely, the lack of a ruling on the motion is immaterial, and this court has jurisdiction to consider the merits of the appeal. See *Weber Property Group, LLC. v. Sunburst Media-Louisiana, LLC*, 2012-0804 (La. App. 5 Cir. 4/10/13), 115 So.3d 40, 44. The instant appeal was ordered on November 14, 2019, which is within 60 days of the expiration of the delay to file a devolutive appeal. See La. C.C.P. art. 2087(A)(1). We therefore maintain the instant appeal.

**DISCUSSION**

Through the Corrections Administrative Remedy Procedure Act, La. R.S. 15:1171, *et seq.*, the prison systems were given authority to adopt procedures for offenders to produce evidence to substantiate their claims. *Lightfoot v. Stalder*, 2000-1120 (La. App. 1 Cir. 6/22/01), 808 So.2d 710, 715, writ denied, 2001-2295 (La. 8/30/02), 823 So.2d 957. A simple review of the Act evidences that its procedures are designed primarily as an internal investigative and information-gathering mechanism, a function of particular importance in the prison setting, since most, if not all, of the evidence is at the prison itself. *Id.*

No prisoner suit shall assert a claim under the Act until all administrative remedies as are available are exhausted. If a prisoner suit is filed before all administrative remedies are exhausted, the reviewing court shall dismiss the suit without prejudice. See La. R.S. 15:1184(A)(2). In his petition for judicial review,

---

[4] "The delay for applying for a new trial shall be seven days, exclusive of legal holidays. The delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913."

Mr. Harris indicated that he first pursued his grievance through the prisoners' grievance procedure, and included what he purports to be numbers assigned to the ARP decision and the disciplinary board appeal. However, the record is totally devoid of the substance of those decisions. Although Mr. Harris claimed that his ARP steps were exhausted, neither the district court nor this court were provided with any evidence that they were in fact exhausted.

Furthermore, the reviewing court, in its multiple claims order, requested clarification from Mr. Harris as to which grievance he wished to pursue since he was only entitled to seek judicial review of a single administrative record or claim in any single lawsuit.[5] Mr. Harris has not complied with this order. Since the district court was not provided with the administrative record of the specific ARP decision that Mr. Harris wishes to be reviewed, which would further indicate that his administrative remedies have been exhausted, the district court had no other choice but to dismiss Mr. Harris's petition without prejudice, as is required by La. R.S. 15:1184.

## DECREE

The judgment of the Nineteenth Judicial District Court is affirmed, and the petition for judicial review filed by plaintiff/appellant, Jody F. Harris, is dismissed without prejudice. Costs of the instant appeal are assessed to Mr. Harris.

**AFFIRMED.**

---

[5] "Time delays are provided for an offender to seek judicial review of an adverse decision by the [Louisiana] Department of Public Safety [and Corrections] in La. R.S. 15:1177. Included in the procedure for judicial review is the timely transmission of the entire record of the proceeding under review to the reviewing court. [La.] R.S. 15:1177A(3). Allowing an offender to request review of more than one adverse decision in the same petition would call into question timeliness issues and unnecessarily complicate the reviewing court's role by having several records transmitted for review. This would allow a multitude of cross referencing issues, facts and actions, which would not allow for orderly disposition of the suit." *Lightfoot v. Stalder*, 97-2626 (La. App. 1 Cir. 12/28/98), 727 So.2d 553, 555.