396 So.2d 978 (1981)
Elton DEVILLE, Plaintiff-Appellant,
v.
Judge Allen M. BABINEAUX, Defendant-Appellee.
No. 8298.
Court of Appeal of Louisiana, Third Circuit.
March 10, 1981.
Rehearing Denied April 28, 1981.
*979 Elton Deville, in pro. per.
Champagne, Colomb & Brumbaugh, Patrick L. Colomb, Lafayette, for defendant-appellee.
Before DOMENGEAUX, CUTRER and SWIFT, JJ.
SWIFT, Judge.

MOTION TO DISMISS
The plaintiff-appellant, Elton Deville, appearing in proper person, filed suit seeking $50,000 in damages and the impeachment of defendant-appellee, Judge Allen M. Babineaux, for defendant's actions in rendering judgment against him in a personal injury suit. The trial judge sustained a peremptory exception of no right of action dismissing plaintiff's claim. We dismiss the appeal ex proprio motu as being untimely filed under LSA-C.C.P. Article 2087(1).
The chronology of events is as follows:
On June 30, 1980, the trial judge gave written reasons sustaining defendant's peremptory exception of no right of action dismissing plaintiff's claim. The plaintiff filed a motion for a new trial on July 7, 1980. Subsequently, the trial court signed a final judgment on July 18, 1980. The sheriff served plaintiff with notice of the judgment on July 22, 1980. On November 12, 1980, the trial judge denied plaintiff's motion for a new trial. Notice of the denial was sent to the parties on November 21, 1980. Plaintiff filed a motion for a devolutive appeal on January 19, 1981.
The issue is whether an application for a new trial made before the signing of a final judgment can have any effect on appeal delays.
This court in Bordelon v. Dauzat, 389 So.2d 820 (La.App. 3rd Cir. 1980) stated that an application for a new trial filed prior to the signing of a final judgment was without effect. In doing so, we cited the case of Chamblee v. Chamblee, 340 So.2d 378 (La.App. 4th Cir. 1976) which is factually similar to the present case.
In Chamblee, supra, the trial judge denied an application for a new trial on the same day he signed the final judgment which was filed seven days prior thereto. The court found the application for a new trial to be:
"premature, not timely, and, thus, without legal effect. Hence, this matter falls *980 under subsection (1) of Art. 2087. Accordingly, under LSA-C.C.P. Art. 1974, the delay for a new trial commences to run on the day after the judgment was signed ..."
Here, the trial judge signed the final judgment prior to denying plaintiff's application for a new trial. However, the application for a new trial was still filed prematurely. Thus, it could have no effect.
Since the application for a new trial was ineffective, the delay for filing an application for a new trial began running the day after the sheriff served notice of judgment, viz. on July 23, 1980. LSA-C.C.P. Article 1974(2). The delay for applying for a new trial is seven days exclusive of legal holidays. LSA-C.C.P. Article 1974(1). A devolutive appeal must be taken within 60 days of the expiration of the delay for applying for a new trial. LSA-C.C.P. Article 2087(1). The plaintiff did not file a motion for an appeal until January 10, 1981, over five months past the date on which the delay for applying for a new trial expired.
For the above and foregoing reasons, the appeal is dismissed.
APPEAL DISMISSED.