PONDER, Judge.
The timeliness of the appeal from City Court is the sole issue.
*1242 Trial on the merits was had in Baton Rouge City Court on April 13, 1982. Written reasons for judgment were rendered on June 2, 1982, and mailed to the plaintiff. Plaintiff filed a motion for a new trial on June 7, 1982. Judgment was signed June 14, 1982. The record contains a certificate that notice was mailed to the plaintiff on the same day. A hearing was held on the motion for a new trial on July 15,1982, and judgment denying the motion was rendered in the presence of plaintiff on the same day. Plaintiffs motion for appeal filed on July 29, 1982, was denied on August 4, 1982. Plaintiff’s second motion for appeal was filed on August 13, 1982 and denied on August 18, 1982.
Plaintiff applied to this court for supervisory writs. An alternative writ was granted ordering the trial court to grant plaintiff’s motion for appeal, or, in the alternative, the judge or the defendant to show cause why the writ should not be made peremptory. The court has elected the alternative.-
Under La.C.C.P. Art. 4917(A) and (B),[1] plaintiff is entitled to personal or domiciliary service of the judgment because the case was taken under advisement and he was not represented by counsel.[2] The other relevant article for notice would be La.C. C.P. Art. 1913,[3] which only requires notice by mail. La.C.C.P. Art. 4901.[4]
Plaintiff’s original petition requested the issuance of a temporary restraining order and rule nisi to show cause why a permanent injunction should not be issued, but no monetary damages. We find that plaintiff’s claim must fall within the cases involving damages of $3000.00 or less and he has never received the personal or domiciliary service provided by La.C.C.P. Art. 4917(B).
However, we must consider whether his motion for a new trial and the resulting judgment on that motion waived his right to notice of the judgment of trial on the merits.
La.C.C.P. Art. 5003(B) provides:
“Where an application for new trial is timely filed, however, the delay for appeal commences on the day after the motion is denied, or from service of notice of the order denying a new trial, when such notice is necessary.”
*1243 Plaintiffs motion for a new trial was filed before the final judgment was signed. When an application for a new trial is filed prematurely, it has no effect. Deville v. Babineaux, 396 So.2d 978 (La.App. 3rd Cir.1981). It therefore would not effect a waiver of service. Plaintiffs motions for appeal were timely.
For these reasons, we make the writ peremptory and accordingly order that the Honorable Byron Stringer recall and vacate his ruling of August 4,1982, denying plaintiffs motion for appeal and grant the motion in favor of plaintiff.
WRIT MADE PEREMPTORY.

. Art. 4917. Notice of judgment
A. Notice of judgment must be given when:
(1) The defendant was not served personally and made no appearance in the proceeding;
(2) The case has been taken under advisement; or
(3) The case is not taken under advisement but the court does not sign a judgment at the time, and a party makes a request of record for notice.
B. Where the party who is entitled to notice of judgment does not have counsel of record, the notice shall be served by a proper officer upon the party, either personally or at his domicile.

. La.C.C.P. Art. 4917.

. La.C.C.P. Art. 1913. Notice of judgment
Notice of the signing of a default judgment against a defendant on whom citation was not served personally, and who filed no exceptions or answer, shall be served on the defendant by the sheriff, by either personal or domiciliary service.
Except as otherwise provided by Article 3307, when a case has been taken under advisement by the court notice of the signing of a final judgment therein shall be mailed by the clerk of court of the parish where the case was tried to the counsel of record for each party, and to each party not represented by counsel.
If, at the conclusion of a trial a case is not taken under advisement but the court does not sign a judgment at the time, a party may make a request of record for notice of the date when the judgment was signed; and when such a request is made, the clerk shall mail such notice to the party requesting it or to his counsel of record.
The clerk shall file a certificate in the record showing the date on which, and the counsel and parties to whom, notice of the signing of the judgment was mailed.
Except as otherwise provided in the first three paragraphs of this article, notice of the signing of a final judgment is not required.

. La.C.C.P. Art. 4901. Cases involving more than three thousand dollars
Except as provided for the appellate delay in appeals by Article 5003, the procedure in parish and city courts in cases where the amount in dispute exceeds three thousand dollars shall be the same as that provided by law for a civil case in the district court of the parish in which the parish or city court is situated.