436 So.2d 575 (1983)
Mrs. Elda JEANMARD, et al., Plaintiffs-Appellants,
v.
SEARS, ROEBUCK AND COMPANY, et al., Defendants-Appellees.
No. 82-700.
Court of Appeal of Louisiana, Third Circuit.
March 30, 1983.
J. Wendel Fusilier and Alex D. Chapman, Jr., Ville Platte, for plaintiffs-appellants.
Chaffe, McCall, Phillips, Toler & Sarpy, James A. Babst, New Orleans, for defendants-appellees.
Before GUIDRY, FORET and LABORDE, JJ.
LABORDE, Judge.

MOTION TO DISMISS
The defendants-appellees, Sears, Roebuck and Company and Allstate Insurance Company, move to dismiss the appeal of the plaintiffs-appellants, Mrs. Elda Jeanmard and Mr. Edwin Jeanmard, as not being timely perfected.
The judgment appealed from was signed on June 9, 1982, and notice of judgment was mailed to the parties on June 10, 1982. The plaintiffs' motion for a new trial was filed on June 7, 1982, said motion being denied after a hearing on September 21, 1982. Plaintiffs' motion for devolutive appeal was filed on October 1, 1982.
Code of Civil Procedure Articles 2087 and 1974 provide in part:
Article 2087:
"Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken within sixty days of:
(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
(2) The court's refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
(3) The date of the mailing of notice of the court's refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.
Article 1974:
"The delay for applying for a new trial shall be seven days, exclusive of legal holidays. Except as otherwise provided in the second paragraph hereof, this delay commences to run on the day after the judgment was signed.
When notice of the judgment is required under Article 1913, the delay for applying for a new trial commences to run on the day after the clerk has mailed, *576 or the sheriff has served, the notice of judgment as required by Article 1913."
The appellees contend that Article 2087(1) is applicable to the facts of this case, and thus the expiration date for applying for a new trial would have been 67 days after the notice of judgment was mailed, or August 17, 1982. Under this argument, an appeal perfected on October 1, 1982 would be dismissed.
The appellants argue that Subsection (2) of Article 2087 should be applied to this case. The appellants' motion for a new trial was denied on September 21, 1982. An appeal filed on October 1 would be timely. However, the motion for a new trial was filed on June 7, 1982, two days before the final judgment was signed. This court is Deville v. Babineaux, 396 So.2d 978 (3rd Cir.1981) stated that an application for a new trial filed prior to the signing of a final judgment was without effect. However, the facts of the case before us are distinguishable from Deville. After the signing of the judgment in this case, a hearing was conducted on the application for a new trial in which the appellees herein raised no objection to the premature filing of the Motion for a New Trial.
The Supreme Court in U.S. Fire Insurance Company v. Swann, 424 So.2d 240 recently stated: "First of all there is the philosophy underlying the Code of Civil Procedure, as stated by Henry G. McMahon, coordinator of the Code of Civil Procedure in the introduction to the Code:
The new code embodies procedural rules designed to permit the trial of a case to serve as a search for the truth, and to have its decision based on the substantive law applicable, rather than upon technical rules of procedure.
This procedural philosophy is embodied in La.C.C.P. art. 5051, which provides:
The articles of this Code are to be construed liberally, and with due regard for the fact that rules of procedure implement the substantive law and are not an end in themselves.
In recognition of the fact that procedural rules are merely to implement the substantive law, as well as the fact that appeals are constitutionally guaranteed (La. Const. art. V, § 5(F) and § 10), this Court has consistently held that appeals are favored in the law and should be maintained unless a legal ground for dismissal is clearly shown. An appeal is not to be dismissed for a mere technicality. Davidge v. Magliola, 346 So.2d 177 (La.1977); Howard v. Hardware Mutual Company, 286 So.2d 334 (La. 1973); Louisiana Power and Light Company v. Lasseigne, 255 La. 579, 232 So.2d 278 (1970); Favrot v. Favrot, 252 La. 192, 210 So.2d 316 (1968); Kirkeby-Natus Corporation v. Campbell, 250 La. 868, 199 So.2d 904 (1967). Unless the ground urged for dismissal is free from doubt, the appeal should be maintained. Gulf States Utilities Co. v. Dixie Electric Membership Corp., 248 La. 458, 179 So.2d 637 (La.1965); Emmons v. Agricultural Ins. Co., 245 La. 411, 158 So.2d 594 (La.1963).
The circumstances giving rise to the instant controversy are, in a sense, similar to those presented in the case of Nomey v. State, Department of Highways, 325 So.2d 732 (La.App. 2nd Cir.1976), in which case our brethren of the Second Circuit held that a premature order of appeal should be given effect where the trial court judgment was subsequently signed in close proximity of time. See also Palmer v. Wren, 361 So.2d 1206 (La.1978). We can conceive of no reason why the rational of Nomey should not be equally applicable to a case involving a premature application for a new trial when the formal judgment is signed in close proximity of time to the premature application; the judgment is not substantially different from that previously announced; and the application is later acted upon and denied by the trial court.
Taking into consideration the above facts and jurisprudence plus the fact that the appellees will in no way be prejudiced, we deny the Motion to Dismiss.
MOTION DENIED.