454 So.2d 1208 (1984)
William Braxton HARBOUR, Jr., et al., Plaintiffs-Respondents,
v.
NORMAL LIFE OF LOUISIANA, Defendant-Relator.
No. 84-298.
Court of Appeal of Louisiana, Third Circuit.
August 16, 1984.
*1209 Jefferson, Bryan & Gary, New Orleans, and Christian M. Goudeau, Opelousas, for defendant-relator.
G. Steven Duplechin, Baton Rouge, for plaintiffs-respondents.
Before FORET, CUTRER, DOUCET, YELVERTON and KNOLL, JJ.
YELVERTON, Judge.
The defendant-relator, Normal Life of Louisiana, Inc. (Normal), sought supervisory writs from a judgment granting a preliminary injunction. We granted the writ in order that the positions of the parties could be more closely considered, and we ordered up the transcript of the proceedings. We ordered a stay of all proceedings pending further action by this court.
In addition to their argument on the merits of the writ application, wherein they contend that the preliminary injunction was proper, Respondents (plaintiffs below) assert that we prematurely exercised our supervisory jurisdiction. We adhere to our decision to entertain the application for writs. On the merits, we shall reverse and set aside the preliminary injunction. Both these matters will be discussed after a brief recitation of the facts.

FACTS
Normal is a corporation for profit licensed by the State to provide community homes for mentally retarded individuals pursuant to LSA-R.S. 28:475-478. Normal presently has lease agreements for eight residences. The residence which is the subject of this suit is located in Royal Gardens Subdivision in St. Landry Parish at 410 Avenue of the Acadians. Normal has contracted to purchase this home.
Thirteen residents of Royal Gardens Subdivision petitioned the district court seeking a preliminary injunction to stop Normal from operating the community home alleging that the activity was in violation of the building restrictions affecting the property within the subdivision. The building restriction relied on by the residents reads as follows:

*1210 "1. Property set forth on said plat shall be used exclusively for residential purposes ..."
Defendant answered the suit and also reconvened against the plaintiffs for damages and attorney fees.
A hearing was held on March 28 and April 2, 1984. On April 2, the trial court orally rendered judgment granting the preliminary injunction upon the posting of a $3,500 bond. The trial court found that Normal's activities would be a violation of the building restriction. On April 4, 1984, Normal applied to this Court for writs of certiorari and a stay order which were granted. The judgment of the trial court was signed on April 17, 1984.

MOTION TO DISMISS WRIT APPLICATION
Respondents have filed a motion to dismiss the application for writs and stay order alleging that this court lacked or should not have exercised supervisory jurisdiction in the case. It is argued that the application was premature because as of the date of filing the application for writs no security had been furnished and no judgment had been signed. We disagree.
Article 5, Section 10, of the Constitution of 1974 provides that a court of appeal "has supervisory jurisdiction over cases which arise within its circuit." Courts of appeal have supervisory jurisdiction over cases involving injunction proceedings within their geographical jurisdictions. Fabacher v. Hammond Dairy Co., Inc., 389 So.2d 87 (La.App. 4th Cir.1980).
In the present case the judgment was orally rendered on April 2, 1984, and signed on April 17, 1984. The bond was executed on April 3 and filed in the record on April 17, 1984. Normal applied for writs of certiorari on April 4, 1984.
It is clear this court has supervisory jurisdiction over the present matter since it was tried within our geographical jurisdiction. We also find that although the relator's application for writs of certiorari may have been technically premature in that the writs sought review of a judgment which had not yet become final, we may nevertheless entertain the application. The judgment was signed in close proximity of time to the premature application. The judgment is not substantially different from that previously announced. The respondents will in no way be prejudiced. See the analogous cases of Jeanmard v. Sears, Roebuck and Co., 436 So.2d 575 (La.App. 3rd Cir.1983) and Nomey v. State, Department of Highways, 325 So.2d 732 (La.App. 2nd Cir.1976). We deny the motion to dismiss.

ON THE MERITS
On the merits we hold the trial court committed error by ordering the issuance of the preliminary injunction for the following reasons.
The trial court found that Normal planned "to operate a type of business, since it would be not only furnishing a residence but simultaneously performing commercial services in the home, for which it is paid a fee." The trial court then concluded that the operation of this business would violate the building restriction which provided that the property "shall be used exclusively for residential purposes."
When the trial court reached this decision the case of Tucker v. Special Children's Foundation, Inc., 449 So.2d 45 (La. App. 1st Cir.1984), writ denied 450 So.2d 959 (La.1984), had not yet been published. That case presented a similar question. In that case the defendant was a non-profit corporation established to provide community homes for the mentally handicapped. The plaintiffs sought injunctive relief alleging the use of the residence as a community home was a business operation and therefore in violation of the building restrictions placed upon the property.
The First Circuit reasoned:
"The fact that the residence is a part of non-profit corporation's business does not violate the building restrictions affecting the property. The fact remains that the residence is being used as a *1211 residence as contrasted from a situation where a business was actually being run from the structure. We find nothing in the restrictions which would preclude any one of the other owners in the subdivision from leasing their residences to single family units."
In the present case the house in Royal Gardens Subdivision is to be used strictly as a residence for six or fewer mentally handicapped. Two (sometimes one) staff members will work in the house on a rotating shift basis. Normal's activities within the home is to provide services for the residents of their home in teaching them daily living skills such as cooking, cleaning, washing clothes, transportation, shopping and personal skills such as bathing, clothing maintenance, and appearance. Normal's financial operations are conducted from its business offices in Lafayette and Kenner.
We agree with the reasoning of the First Circuit's Tucker case. The fact that the residence is part of the business of a corporation for profit does not violate the building restrictions. The fact remains that the house is being used strictly as a residence and not as a place from which a business is being run. Its license does not permit Normal to use the house for any other purpose than to provide a residence in the form of a community home for six or fewer mentally handicapped persons. For these same reasons we attach no importance to the fact that the relator in the present case is a corporation for profit as distinguished from a non-profit corporation, as in Tucker.
Accordingly, the judgment of the trial court enjoining Normal Life of Louisiana, Inc. from operating a community home for the mentally retarded as defined in LSA-R.S. 28:381(8) is hereby reversed and set aside. The case is remanded for further proceedings consistent with this opinion. Respondents are to bear the costs of this writ application.
WRIT GRANTED AND MADE PEREMPTORY; INJUNCTION REVERSED AND SET ASIDE; CASE REMANDED.
FORET, J., dissents.