484 So.2d 705 (1985)
Lucille C. HANSON and Harold Hanson
v.
Joseph G. PERKINS.
No. 85 CA 0993.
Court of Appeal of Louisiana, First Circuit.
December 26, 1985.
Denise Lindsey, Slidell, for plaintiffs, appellees.
Ellis Jay Pailet, New Orleans, for defendant, appellant.
Before CARTER, SAVOIE and ALFORD, JJ.
SAVOIE, Judge.
Plaintiffs, Lucille Clairain Hanson and Harold J. Hanson, filed a motion to dismiss the appeal of defendant, Joseph G. Perkins, on the basis that it was taken untimely.
The record establishes the following sequence of events:
January 23, 1985 trial on the merits, judgment orally rendered.
January 28, 1985 motion for new trial filed.
February 5, 1985 written judgment signed.
April 8, 1985 motion for new trial heard and orally denied.
April 8, 1985 motion to appeal February 5 and April 8 judgments filed and granted.
April 18, 1985 motion to reconsider judgment on new trial filed.
April 22, 1985 judgment on new trial signed.
April 30, 1985 motion to appeal April 22 judgment filed.
May 28, 1985 motion to reconsider denied.
Plaintiffs contend the motion for new trial filed eight days before the judgment was signed was premature and without legal effect, citing Deville v. Babineaux, 396 So.2d 978 (La.App.3d Cir.1981); Bordelon v. Dauzat, 389 So.2d 820 (La.App.3d Cir. 1980); Chamblee v. Chamblee, 340 So.2d 378 (La.App.4th Cir.1976); plaintiffs contend the new trial delay expired seven days (exclusive of legal holidays) after the signing of the judgment (i.e. February 14), the appeal delay expired March 18, 1985, and therefore the motion for appeal filed on April 8th was untimely.
Plaintiffs' argument is clearly without merit. Even if the application for new trial had no effect, defendant's motion for devolutive appeal was filed within 60 day delay allowed by La.Code Civ.P. art. 2087. Plaintiffs have mistakenly allowed for a 30 day delay.
*706 Furthermore, the Supreme Court of Louisiana has recently held that any previously existing defect arising from a premature motion for appeal (i.e. one taken before the signing of the judgment) is cured once the final judgment has been signed. Overmier v. Traylor, 475 So.2d 1094 (La. 1985). By analogy, the technical prematurity of the motion for new trial has been cured by the signing of the judgment. See Harbour v. Normal Life of Louisiana, 454 So.2d 1208 (La.App.3d Cir.1984).
Accordingly, we find that the motion for new trial was cured and became effective upon the February 5, 1985 signing of the written judgment. The effect of curing the premature application was to suspend all appeal delays until the disposition of the motion for new trial. See LSA-C.C.P. arts. 2087, 2123. The motion for new trial was orally denied on April 8, 1985, and the written judgment signed on April 22, 1985; therefore, it is clear that the April 8, 1985, motion for appeal was timely filed.
MOTION DENIED.