LABORDE, Judge.
MOTION TO DISMISS
The defendants-appellees, Louis Henley d/b/a Henley’s Trailers, Henley’s Trailers, Inc. (Henley hereinafter), and United States Fidelity and Guaranty Company (USF & G), move to dismiss the appeal of the plaintiff-appellant, Theresa Louviere.
On August 21, 1985, Russell D. Louviere filed suit for damages against Hartford Insurance Company (Hartford), Mitchell Marine Service Corporation (Mitchell), and Eugene LeBlanc. On July 30, 1986, the movers-appellees were named as defendants by a supplemental and amending petition. A second supplemental and amending petition was filed on October 3, 1986, adding the consortium claim of Theresa Louviere to the petition, and adding Mrs. Louviere as a plaintiff.
The movers filed their first exception of prescription on August 7, 1986, after the supplemental and amending petition of the plaintiff was filed. A second exception of prescription was filed on October 8, 1986 by the movers, in response to the second supplemental and amending petition, which added Mrs. Louviere’s consortium claim. Hartford, Mitchell, and Mr. LeBlanc also filed exceptions of prescription with respect to Mrs. Louviere’s claim on December 19, 1986.
The trial court held a hearing on the exceptions on February 2, 1987 and took the matter under advisement. Present at the hearing were the attorneys for the movers, as well as for Hartford, Mitchell, and Mr. LeBlanc. Reasons for Judgment were rendered on February 3, 1987 and *480 filed on February 4, 1987. The trial court sustained the exceptions filed by the defendants, and dismissed Mrs. Louviere’s claim for loss of consortium.
A judgment submitted on behalf of the attorney for Hartford, Mitchell, and Mr. LeBlanc, was signed by the trial court judge on February 12, 1987. This judgment made no mention of the movers. The plaintiff’s motion and order for appeal was granted by the trial court and filed on February 19, 1987. The motion states the appeal is from the ruling handed down on February 8, 1987 which granted the mover’s, Hartford’s, Mitchell’s, and Mr. Le-Blanc’s exceptions of prescription. On March 2, 1987, the attorney for the movers submitted the judgment sustaining the movers’ exception of prescription to the trial court. The trial court signed the judgment and it was filed the same day.
The movers filed the instant motion to dismiss on the grounds the judgment appealed from was that one signed on February 12, 1987, which mentions only Hartford, Mitchell, and Mr. LeBlanc, and not the judgment of March 2,1987, which mentions the movers. From the record, it is absolutely clear that the motion and order for appeal included the movers also. The motion and order seeks a review of the ruling of February 3,1987, which sustained all the defendants’ exceptions of prescription. Though the appeal, when taken, might have been premature as to the movers, see LSA-C.C.P. Art. 1911, our Supreme Court as well as this Circuit has held that in such a case as this, once the final judgment has been signed, any previously existing defect has been cured, and there is no useful purpose in dismissing an otherwise valid appeal. Overmier, et al. v. Traylor, 475 So.2d 1094 (La.1985), Hanson v. Perkins, 484 So.2d 705 (La.App. 1st Cir. 1985), Harbour v. Normal Life of Louisiana, 454 So.2d 1208 (La.App. 3rd Cir.1984), Jeanmard v. Sears, Roebuck and Co., 436 So.2d 575 (La.App. 3rd Cir.1983). Additionally, considering that appeals are favored in law, Overmier supra, the movers’-appel-lees’ motion to dismiss is denied at their cost.
MOTION DENIED.