535 So.2d 1046 (1988)
B.J. THOMAS, et al., Plaintiffs-Appellants,
v.
EVERGREEN PRESBYTERIAN MINISTRIES, INC., et al., Defendants-Appellants.
No. 20015-CA.
Court of Appeal of Louisiana, Second Circuit.
October 26, 1988.
Evans, Feist & Mills by George H. Mills, Jr., Shreveport, for plaintiffs-appellants.
Smitherman, Lunn, Chastain & Hill by Gordon N. Blackman, Jr., Shreveport, for defendants-appellants.
Before JASPER E. JONES, NORRIS and LINDSAY, JJ.
*1047 JASPER E. JONES, Judge.
This is an action for injunctive relief to block the use of certain property as a community home for retarded persons. The plaintiffs, B.J. Thomas, Frances D. Thomas, Wayne Earp, Rebecca Earp, Thomas A. Wilson, Jr., and Patricia Wilson, appeal a judgment rejecting their demand for a preliminary injunction and dismissing their main demand for a permanent injunction on an exception of no cause of action. The defendants are Evergreen Presbyterian Ministries, Inc., which will operate the proposed home and Daniel and Judy Lyons, owners of the property sought to be used for the proposed home.
For the reasons set out below we affirm the judgment rejecting the demand for the preliminary injunction and reverse the judgment insofar as it dismisses the main demand and we remand this matter for further proceedings.
Plaintiffs brought this action alleging the Lyons had granted an option to lease certain property to Evergreen to be used as a community home for mentally retarded persons. They further alleged that the proposed use as a community home violated zoning ordinances and protective covenants and that Evergreen had not obtained local government approval as required by LSA-R.S. 28:478 C. The plaintiffs sought preliminary and permanent injunctions to prevent the use of the property as a community home for the mentally retarded.
The defendants responded with an exception of no cause of action. The parties agreed to have the rule for the preliminary injunction and the exception of no cause of action set for the same day and the parties entered a written stipulation of facts for the trial of the rule. Both matters were submitted to the district judge who rendered the judgment complained of. This appeal followed.
Preliminary Injunction
The plaintiffs' rule for a preliminary injunction was tried on stipulated facts and rejected by the district judge. The judgment was signed December 22, 1987, and the motion and order for appeal were signed and filed January 28, 1988.
Appellees contend the judgment is final as to the preliminary injunction because appellants did not appeal within fifteen days. They argue that under LSA-C. C.P. art. 3612 any appeal of the denial of the preliminary injunction had to be taken within that time.
The appellants contend that the judgment is timely as to both the denial of the preliminary injunction and the dismissal of the main demand because the judgment served both functions and, therefore, the normal appeal delays apply. In support of this position appellants cite Fox v. Horsemen's Benev. & Protective Ass'n., 426 So. 2d 278 (La.App. 4th Cir.1983), writ denied, 433 So.2d 150 (La.1983).
In Fox the court found the judgment rejecting the permanent injunction was made on the evidence submitted in the trial of the rule for the preliminary injunction. Both the preliminary and permanent injunctions were denied in the judgment and the court found the appeal delays were governed by LSA-C.C.P. arts. 2087[1] and 2123[2] even as to the demand for a preliminary injunction.
The appellees contend Fox is distinguishable because here the main demand was dismissed on an exception of no cause of action rather than on a consideration of the evidence submitted in support of the preliminary injunction. While this is true, we do not think the distinction makes a difference. In both cases the judgment rejecting the demand for a preliminary injunction was incorporated into a judgment dismissing the main demand. We find that the appeal of the denial of the preliminary injunction is before us.
Appellants seek the injunctions on three different grounds. They contend the proposed use violates the applicable zoning ordinances and the restrictive convenants covering the property. They also contend that defendants have not obtained approval *1048 of the proposed community home from the local government as required by LSA-R.S. 28:478 C. The appellees contend the proposed community home is a permitted use under both the zoning ordinance and the restrictive covenants and that LSA-R.S. 28:478 C is inapplicable or, alternatively, unconstitutional.
The stipulated facts show the following. The property is in an area zoned R-1 and a use of right in such areas is "Dwelling, One-Family." The proposed home will house six or fewer retarded adults who will be supervised by a rotating staff on eight hour shifts. The revenue and operational costs for the home will both be over $200,000.00 per year. The residents will move out of the home and be replaced when they are ready to live independently.
This court has previously held such a home was a use of right under a similar zoning ordinance. City of West Monroe v. Ouachita Ass'n., 402 So.2d 259 (La.App. 2d Cir.1981). Appellants attempt to distinguish that case on two points. First, they point out that in City of West Monroe the residents were permanent where here they will leave after becoming capable of living independently. Second, in City of West Monroe supervision was provided by a married couple living in the home as houseparents and here it will be provided by a rotating staff.
The fact that these residents will be trying to move toward independence does not alter the family nature of their home. In the usual family situation children move towards maturity and independence and leaving home but this does not render their home not a family home. The main difference is that here, when a family member obtains independence and leaves, a new person will be incorporated into the home to begin working toward that same goal. There is no evidence that the turnover of residents will be rapid. The fact that parental roles will be filled by rotating staff does not detract from the family character and function of the residents' relationship with each other.
The proposed use of the property as a community home for mentally retarded persons is a use of right under the zoning ordinance. City of West Monroe v. Ouachita Ass'n., Etc., supra.
The appellants also contend the proposed use violates restrictive covenants governing the property. The covenant relied on by appellants provides:
"No lot shall be used except for residential purposes. No buildings shall be erected, altered, placed or permitted to remain on any lot, other than one (1) detached single-family dwelling."
Appellants argue the proposed community home violates this covenant on the basis that the proposed use is not a residential use. Such arguments have been repeatedly rejected by our courts. Harbour v. Normal Life of La., 454 So.2d 1208 (La.App. 3d Cir.1984); Tucker v. Special Children's Foundation, 449 So.2d 45 (La.App. 1st Cir. 1984), writ den., 450 So.2d 959 (La.1984); Vienna Bend Homeowners v. Manning, 459 So.2d 1345 (La.App. 3d Cir.1984).
Appellants contend this case is different because there are no houseparents and because the residents are not permanent. In Harbour the staff was composed of rotating workers and the home was being used to teach residents "daily living skills." The similarities between Harbour and the present case render appellants' arguments unpersuasive. The proposed use as a community home does not violate the restrictive covenant. Harbour; Vienna Bend; Clark v. Manuel, 463 So.2d 1276 (La.1985).
Appellants also argue that, as the proposed use is not a use of right, the appellees must obtain approval of the home from the local government as provided in LSA-R.S. 28:478 C. This argument is incorrect. As we have previously determined herein the proposed use as a community home is a use of right under the zoning ordinance. Further, LSA-R.S. 28:478 C has been held unconstitutional when applied to require retarded citizens to meet an extra burden to make a permitted use of property. Clark v. Manuel.
*1049 The district judge properly rejected appellants' demand for a preliminary injunction.
Permanent Injunction
The district judge sustained the defendants' exception of no cause of action and dismissed appellants' demands for a permanent injunction. This decision was not a decision on the merits of the issue as the parties did not stipulate to have the demand for a permanent injunction decided on the evidence at the trial of the preliminary injunction and the district judge's reasons for judgment show he did not do so.
Appellants argue the petition does state a cause of action as it alleges violations of zoning ordinances, restrictive covenants and LSA-R.S. 28:478 C.
The exception of no cause of action is properly triable on the face of the petition and annexed documents and the facts alleged therein are presumed true for the purpose of the exception. Kaufman & Enzer Joint V. v. Bethlan Prod. Co., 459 So.2d 60 (La.App. 2d Cir.1984). The exception of no cause of action must be overruled unless the plaintiff has no cause of action under any evidence admissable under the petition. Haskins v. Clary, 346 So.2d 193 (La.1977); Darville v. Texaco, Inc., 447 So.2d 473 (La.1984).
The petition alleges the property is zoned for one family residences under the ordinances of Bossier City. It further alleges the proposed use is as a "community home" as defined in LSA-R.S. 28:381. It also alleges the proposed use violates the zoning ordinance.
These allegations are sufficient to admit proof of the zoning ordinance and of the nature of the proposed use as a community home. Such a use may be barred under some zoning ordinances in a single family residence zone. City of Kenner v. Normal Life of La., Inc., 483 So.2d 903 (La.1986). As the plaintiffs would be entitled to relief under facts, proof of which would be admissible under the petition, the exception of no cause of action should have been overruled. Haskins v. Clary, supra; Darville v. Texaco, Inc., supra. Because the petition states a cause of action on this theory we need not consider the other grounds alleged therein. Leenerts Farms, Inc. v. Rogers, 421 So.2d 216 (La.1982).
Plaintiffs are entitled to attempt to prove their case based upon the allegations of their petition even though it appears they probably cannot do so in light of the facts contained in the stipulation submitted to the judge at the hearing on the rule for the preliminary injunction.[3]
The judgment of the district court is affirmed insofar as it rejected the demand for a preliminary injunction and reversed insofar as it dismissed the main demand. This matter is remanded to the district court for further proceedings.
NOTES
[1] LSA-C.C.P. art. 2087 provides for a sixty day devolutive appeal period.
[2] LSA-C.C.P. art. 2123 provides for a thirty day suspensive appeal period.
[3] We note exhibit A attached to this stipulation which is referred to in the body of the stipulation as the "zoning ordinances of the City of Bossier" does not contain the complete zoning ordinance.