617 So.2d 952 (1993)
Joseph DELAY
v.
Joseph CHARBONNET, et al.
No. 93-CA-0271.
Court of Appeal of Louisiana, Fourth Circuit.
April 15, 1993.
Frank B. Hayne, New Orleans, for Joseph Delay.
Geoffrey P. Snodgrass, Philip J. Borne, Christovich & Kearney, New Orleans, for Mut. Assur. Society of Virginia.
Before BYRNES and CIACCIO and JONES, JJ.
BYRNES, Judge.
This case comes before us on a Motion to Dismiss Appeal brought by the defendant-appellee Mutual Assurance Society of Virginia asking this Court to dismiss the devolutive appeal filed by the plaintiff, Joseph Delay.
The facts, viewed in the manner most favorable to the mover, are quoted directly from mover's memorandum in support of this motion:
On October 7, 1992 the trial court signed the attached Judgment dismissing plaintiff's suit for lack of personal jurisdiction. The trial court's Judgment was based on oral reasons for judgment given at the hearing on defendant's exception of lack of personal jurisdiction on October 2, 1992. After the hearing on the exception, but before the signing of the *953 judgment, plaintiff filed a motion for new trial on October 5, 1992.
The facts are followed by mover's argument on the law:
Because plaintiff's motion for new trial was premature it is without legal effect and the delays for plaintiff's devolutive appeal began to run on the day after the signing of the judgment dismissing defendant.
Article 1974 of the Louisiana Code of Civil Procedure provides that "the delay for applying for a new trial shall be seven days, exclusive of legal holidays." Article 2087 provides that the delay for taking a devolutive appeal is 60 days from "[t]he expiration for applying for a new trial, as provided by Article 1974, if no application has been filed timely."
In Chamblee v. Chamblee, [340 So.2d 378] (La.App. 4th Cir.1976), the court noted as follows:
Under CCP Art. 1974, the delay for applying for a new trial commences on the day after the judgment was signed. Here, we find that the application for new trial was premature, not timely, and, thus, without legal effect. Hence, this matter falls under subsection (1) of Art. 2087. Accordingly, under LSA-CCP Art. 1974, the delay for new trial commences to run on the day after the judgment was signed ... [Emphasis added].
In Deville v. Babineaux, 396 So.2d 978, [La.App. 3 Cir.1981] the court confronted the issue "whether an application for a new trial made before the signing of a final judgment can have any effect on appeal delays." In following the rationale of Chamblee, supra, the court noted the following chronology of events:
On June 30, 1980, the judge gave written reasons sustaining defendant's peremptory exception of no right of action dismissing plaintiff's claim. The plaintiff filed a motion for a new trial on July 7, 1980. Subsequently, the trial court signed a final judgment on July 18, 1980. The sheriff served plaintiff with notice of the judgment on July 22, 1980. On November 12, 1980, the trial judge denied plaintiff's motion for a new trial. Notice of the denial was sent to the parties on November 21, 1980. The plaintiff filed a motion for a devolutive appeal on January 19, 1981.
Since the application for a new trial was ineffective, the delay for filing an application for a new trial began running the day after the sheriff served notice of judgment, vis. on July 23, 1980. LSA-CCP Art. 1974(2). The delay for applying for a new trial is seven days exclusive of legal holidays. LSA-CCP Art. 1974(1). A devolutive appeal must be taken within 60 days of the expiration of the delay for applying for a new trial. LSA-CCP Art. 2087(1). The plaintiff did not file a motion for an appeal until January 10, 1981, over five months past the date on which the delay for applying for a new trial expired.
For the above and foregoing reasons, the appeal is dismissed.
Mover's recitation of the facts and his citations and quotations from statutes and cases are all accurate as far as they go.
However, plaintiff-appellant, Joseph Delay argues in opposition that the judgment was rendered orally on October 2, 1992 and that its reduction to writing on October 7, 1992 was, in effect, a mere formality. Therefore, his motion for a new trial was not premature.
LSA-C.C.P. Art. 1974 refers only to the signing of judgment in the context of determining when the delay for applying for a new trial expires. It contains no prohibition against filing the application prior to signing but after the rendition of judgment.
The question of the difference between the rendition and the signing has long been a vexing one. See: "The Distinction Between The Rendition And Signing Of Judgments In Louisiana" 24 Tulane L.Rev. 470 (1950). In fact, under Art. 546 of the old Code of Practice of 1870 a judgment in Orleans Parish could not be signed until three days after its rendition. Those old Code of Practice articles which specifically distinguished between the rendition and the signing of judgments were largely and intentionally eliminated when our current *954 Code of Civil Procedure was adopted in 1960. However, the concept of rendition was not merged entirely into the signing of the judgment. For example, paragraph "(b)" of the Official Revision Comments under LSA-C.C.P. art. 1038 dealing with separate trials of principal and incidental demands provides in pertinent part that:
... [T]his article authorizes the trial court to render judgment after the first separate trial, but to withhold signing thereof until judgment can be signed on the action subsequently tried.
See also: Paragraph "(a)" of the Official Revision Comments to LSA-C.C.P. art. 1915.
Paragraph "1" of the Summary of Procedural Changes in Chapter 3[1960] which acts as the preface to the chapter on judgments entitled "Rendition" in our Code of Civil Procedure on judgments states that:
Under the articles in this chapter, a judgment may be signed at the time of its rendition, or at any time thereafter.
Section "(a)" of the Official Revision Comments to LSA-C.C.P. art. 1911 provides that:
* * * * * *
Under the articles in this Chapter, judgments are to be signed at the time of rendition, or at any time thereafter. No time limit for the signing is imposed in any of these articles, but it is contemplated that all judgments will be signed within a reasonable time after rendition, which in turn depends upon the circumstances.
Thus, there appears to be sufficient life left in the concept of rendition as an event separate from signing to allow it to serve as a reasonable basis for the filing of an application for a new trial.
In Chapeuis v. Cassimano, 568 So.2d 606, 608 (La.App. 4 Cir.1990) this court held that:
Mr. Bernard argues that the Motion for New Trial that plaintiff filed on October 11, 1988 was premature because the judgment was not signed until November 29, 1988. However, the judgment was rendered on October 7, 1988 and a motion for new trial which is filed between the rendering and signing of the judgment is timely. [Emphasis added].
Therefore, we choose to follow Chapeuis and adopt Mr. Delay's view of the law applicable to this case. Unfortunately, we find no transcript of what the trial judge said at the hearing on October 2, 1992. As quoted previously, mover in its memorandum acknowledged that the judgment of October 7, 1992 "was based on oral reasons for judgment given at the hearing" of October 2, 1992. This lends credence to Mr. Delay's argument that judgment was rendered orally on October 2, 1992, which would make Chapeuis controlling. The very fact that Mr. Delay filed his motion on October 5, also supports this conclusion. It seems certain that at the very least the trial judge made it clear what his final judgment was going to be on October 2, 1992. When the judge stated what the defendant referred to in its brief as his "oral reasons for judgment" he obviously gave far more than a vague indication of which way he was leaning.
The hearing on Mr. Delay's motion for a new trial was fixed for December 12, 1992 and was submitted on briefs. The briefs are not part of the record. However, in denying Mr. Delay's motion the trial court issued four pages of very detailed written reasons. The written reasons are so detailed that we feel it safe to assume that had the defendant raised its objection to the timing of plaintiff's application for a new trial, the trial court most certainly would have addressed the issue. No mention is made of any such objection in the trial court's written reasons. We, therefore, conclude that no such objection was raised by the defendant. Had the defendant alerted the plaintiff to its objection on or before December 12, 1992, plaintiff would have still been within the sixty day time limit for filing a devolutive appeal regardless of whether the application for new trial was timely filed. Because of the actions of the trial court and mover in connection with the hearing on Mr. Delay's motion for a new trial, Mr. Delay was induced to believe that his time had not *955 run. There are three ways this court can view this sequence of events:
1. The fact that there was a "hearing" held on December 12, 1992 on plaintiff's motion for a new trial is further objective evidence that the court and all parties believed that the judgment was rendered on October 5, 1992 and that plaintiff's application for a new trial was timely; or
2. That the defendant waived its objections to the timing of plaintiff's application when it failed to raise the issue. This court is aware of the cases which hold that neither the parties nor the trial court have the authority to extend the delays for applying for a new trial or filing an appeal. Succession of Rolland, 360 So.2d 213 (La.App. 4 Cir.1978); Corona v. Webster, 270 So.2d 609 (La.App. 1 Cir.1972). But we find no cases which hold that a party may not waive its right to object to an early filing that does not extend the delay, especially where that party can show no prejudice. We might feel differently if the defendant were arguing that mover's application for a new trial was filed too late, or that the trial court's "hearing" on December 12, 1992 was conducted in the absence of an application having been filed by the defendant. Defendant in its motion to dismiss does not contend that it was prejudiced in any way by the early filing. Regardless of whether we describe the actions of the trial court on October 2, 1992 as an oral rendition of judgment, or a declaration of position, even the mover acknowledges that the intentions of the court were made clear. Plaintiff responded immediately to the expressions of the court. October 2, 1992 was a Friday. Plaintiff filed his application for a new trial at the first opportunity, Monday, October 5, 1992. The defendant would have plaintiff file the same application all over again after October 7, 1992.[1] This seems rather pointless. The position of the court was already clear on October 2. The time periods provided for new trials and appeals were intended to force litigants to act within a reasonable period of time or lose their rights. Plaintiff's filing of his application for a new trial on the very next business day after the court expressed its findings is certainly in the best spirit of what those code articles intended. We recognize that we cannot ignore the letter of the law in the name of what we feel is the spirit. But here the letter of the law contains no specific prohibition that prevents us from giving effect to its spirit.
3. The third possibility is that mover deliberately remained silent on this issue in the trial court, in an attempt to lay a trap for Mr. Delay. We do not believe this third possibility as it would mean that mover intended to put the trial court to the pointless and considerable wasted effort that went into the preparation of the aforementioned written reasons, all to no purpose. We look with a jaundiced eye at any such attempt to trifle with the resources of the judicial system and will not allow litigants to thereby gain advantage.
In any event we find that judgment was rendered on October 2, 1992 and that Mr. Delay's appeal was filed timely. Even if we were to find that judgment had not been rendered orally on October 2, the result would be the same. In that event we would find that the trial judge had clearly described the outcome of the case to the litigants orally on October 2; that mover was in no way prejudiced by Mr. Delay's filing of the motion for new trial on October 5; that the actions of mover and the trial court in proceeding with the motion for new trial lulled Mr. Delay into believing that his delay for filing his appeal had not commenced to run at a time when he still could have timely filed an appeal; that to dismiss Mr. Delay's appeal under such circumstances would be unconscionable; that given these facts, in the absence of express *956 language in LSA-C.C.P. art. 1974 voiding the filing of an application for a new trial in circumstances such as these, we would hold that Mr. Delay's appeal was timely filed.
For the foregoing reasons, the motions of Mutual Assurance Society of Virginia to dismiss the appeal of the plaintiff, Joseph Delay is denied.
DENIED.
NOTES
[1] The following time honored legal maxims are applicable to this case:

1. Lex neminem cogit ad vana seu utilia peragendathe law compels no one to do vain or useless things.
2. Lex non praecipet inutilia, quia inutilis labor stultusThe law commands not useless things, because useless labor is foolish.