| iLABORDE, Judge.

MOTION TO DISMISS

Plaintiff-appellee, Joseph Batiste, seeks to Dismiss the Suspensive Appeal filed by the defendant-appellant, Vanliner Insurance Company, on the ground that the suspensive appeal bond was filed untimely.
Plaintiff filed suit against the defendants as a result of a automobile accident. Trial by jury occurred on May 23, 1994. The jury returned a verdict in favor of the plaintiff in the amount of $200,000.00 together with legal interest from the date of judicial demand. Judgment was rendered on June 3,1994. On June 14, 1994, plaintiff filed a Motion for Judgment Notwithstanding the Verdict, or Additur or for New Trial. On August 29, 1994, the trial court rendered Judgment granting the plaintiffs Motion for Judgment Notwithstanding the Verdict increasing the .jury | ¿verdict on impairment of earning capacity from $13,000.00 to $250,000.00. Judgment was rendered in favor of the plaintiff in the full sum of $437,000.00 together with legal interest from date of judicial demand.
Notice of Judgment was sent August 29, 1994. The defendant, Vanliner Insurance Company, filed a Motion and Order for Sus-pensive Appeal on September 20, 1994. The bond for suspensive appeal was filed on October 3, 1994.
The record was lodged with this Court on November 30, 1994. On December 5, 1994, the plaintiff-appellee filed a Motion to Dismiss the Suspensive Appeal filed by the defendant-appellant on the ground that the Suspensive Appeal was filed untimely. This Court finds the suspensive appeal bond was filed timely.
C.C.P. art. 1811(D) states as follows:
D. The party whose verdict has been set aside on a motion for a judgment notwithstanding the verdict may move for a new trial pursuant to Articles 1972 and 1973. The motion for a new trial shall be filed no later than seven days, exclusive of legal holidays, after the signing of the judgment notwithstanding the verdict or, if notice of the signing of the judgment is required under Article 1913, not later than seven days, exclusive of legal holidays, after the clerk has mailed or the sheriff has served the notice. The motion shall be served pursuant to Articles 1976 and 1314.
C.C.P. art. 2123(A)(1) states as follows: Art. 2123. Delay for taking suspensive appeal
A. Except as otherwise provided by law, an appeal that suspends the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, only within thirty days of:
(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
Pursuant to these articles it is clear that the party whose verdict has been set aside on a Motion for Judgment Notwithstanding the Verdict has a right to move for a new trial. The delays for filing an appeal pursuant to C.C.P. art. 2123(A)(1) is triggered by the expiration of the delay for applying for a new trial. In the present case we find that the appeal bond was timely filed within the delays granted by C.C.P. art. 2123(A)(1). Therefore, the Motion to Dismiss the Sus-pensive Appeal is hereby denied.

MOTION DENIED.