| THIBODEAUX, Judge.
The Plaintiffs Appellees, Clifford Davis; Michael Davis; Wilford Davis; Tina Davis; Patricia Caillier; Janice Davis; Tammy Davis; Kathleen Davis; Nicole Davis; and Clement Davis, Jr., move to dismiss the appeal in the instant case on the ground that the Defendant Appellant, the State of Louisiana, Department of Public Safety and Corrections, Office of State Police, Troop I, failed to perfect this appeal in a timely manner. For the following reasons, we deny this motion to dismiss.
The Plaintiffs filed suit seeking damages arising out of a vehicular accident in which Clement and Mary Davis were killed. The bifurcated trial on the merits was held on September 11 through 15, 2000. The jury was assigned the duty of determining the amount of fault, if any, to assess against the State and the dollar figure of damages sustained by the Plaintiffs. A bench trial was conducted simultaneously as to the purported fault of the sheriff.
The jury returned a verdict finding that the Defendant, Charles Witt, who was the truck driver involved in the accident, was the sole cause of this wreck and assessed no fault on the part of the State. The trial judge, however, found that the sheriff was twenty percent (20%) at fault. A judgment was signed by the trial court on November 15, 2000, in accordance with the jury’s finding of no fault on the part of the State and the trial court’s finding of twenty percent liability on the part of the sheriff. The record reflects that notice of this judgment was mailed to all parties on November 28, 2000.
Although filed prior to the signing of the written judgment discussed above, on September 26, 2000, the Plaintiffs filed a Motion for Judgment | Notwithstanding the Verdict or, in the Alternative, Motion for New Trial. The motion asked that the *40 trial court find that the jury erred in failing to assess the State with any liability in the cause of this accident and asked that the damage award be increased. The trial court held a hearing on this motion on December 5, 2000. Subsequently, on January 8, 2001, the trial court entered a minute entry in which it ruled that the jury had erred in assessing no fault to the State. Therefore, the trial court granted the JNOV and found that the State was twenty percent (20%) at fault in causing this accident. The trial court ruled that the damage award was sufficient. Finally, the trial court ruled that in the event this court reversed the JNOV, then the motion for a new trial was granted.
The sheriff filed a Motion for Suspensive Appeal on February 14, 2001, which was signed by the trial court on February 16. The State filed a Motion for Suspensive Appeal on February 23, 2001, which was signed by the trial court on April 16, 2001.
Also on April 16, 2001, the trial court signed a judgment in conformity with the minute entry granting the JNOV and alternatively granting the new trial. Notice of the signing of this judgment was mailed to all parties on April 25, 2001. Then, on June 27, 2001, the State filed its second Motion for Appeal, which was granted by the trial court on June 28, 2001.
The record in this case was lodged in this court on July 11, 2001. On July 13, 2001, the Plaintiffs filed the Motion to Dismiss under consideration. The Plaintiffs’ motion only addresses the appeal filed by the State. No memorandum in support of this motion was filed by the Plaintiffs.
| gAt the outset, this court must determine the effect, if any, of the Plaintiffs’ premature filing of their motion for judgment notwithstanding the verdict or for a new trial filed on September 26, 2000. The time for filing a motion for new trial is set forth in La.Code Civ.P. art. 1974, and the time for filing a motion for judgment notwithstanding the verdict is provided by La.Code Civ.P. art. 1811. The former article reads, “The delay for applying for a new trial shall be seven days, exclusive of legal holidays. The delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913.” The pertinent portion of the latter article states, “Not later than seven days, exclusive of legal holidays, after the clerk has mailed or the sheriff has served the notice of judgment under Article 1913, a party may move for a judgment notwithstanding the verdict.” The 1984 comments on the amendments to Article 1811 that year explain in pertinent part that the delays for applying for JNOV were being changed to exclude the computation of holidays with the specific purpose of making the delays for applying for JNOV identical to those for applying for a new trial.
In the instant case, the motion for JNOV and new trial was filed prior to the signing of the written judgment sought to be revised in the Plaintiffs’ motion and was, consequently, filed prematurely. In determining the timeliness of an appeal in light of a prematurely filed motion for new trial in Deville v. Babineaux, 396 So.2d 978 (La.App. 3 Cir.1981), this court held that the motion for new trial filed prior to the signing of the written, final judgment had no effect on the delays for seeking an appeal from the later signed final | Judgment. The procedural facts involved in Deville were that the trial judge had issued written reasons for sustaining the defendant’s peremptory exception of no right of action and for dismissing the plaintiffs action on June 30, 1980. The plaintiff filed a motion for new trial on July 7, 1980; however, the trial court did not *41 sign the written judgment in conformity with the reasons for judgment until July 18, 1980, with the sheriffs office serving notice of the judgment on July 22, 1980. The trial court proceeded to deny the motion for new trial on November 12, 1980. The plaintiff then filed a motion for appeal on January 19,1981.
In finding that the appeal was untimely perfected, this court stated:
This court in Bordelon v. Dauzat, 389 So.2d 820 (La.App. 3rd Cir.1980) stated that an application for new trial filed prior to the signing of a final judgment was without effect. In doing so, we cited the case of Chamblee v. Chamblee, 340 So.2d 378 (La.App. 4th Cir.1976) which is factually similar to the present case.
In Chamblee, supra, the trial judge denied an application for a new trial on the same day he signed the final judgment which was filed seven days prior thereto. The court found the application for a new trial to be:
“premature, not timely, and, thus, without legal effect. Hence, this matter falls under subsection (1) of Art. 2087. Accordingly, under LSA C.C.P. Art. 1974, the delay for a new trial commences to run on the day after the judgment was signed ...”
Here, the trial judge signed the final judgment prior to denying plaintiffs application for a new trial. However, the application for a new trial was still filed prematurely. Thus, it could have no effect.
Since the application for a new trial was ineffective, the delay for filing an application for a new trial began running the day after the sheriff served notice of judgment, viz. on July 23, 1980. LSA-C.C.P. Article 1974(2). The delay for applying for |fia new trial is seven days exclusive of legal holidays. LSA-C.C.P. Article 1974(1). A devolutive appeal must be taken within 60 days of the expiration of the delay for applying for a new trial. LSA-C.C.P. Article 2087(1). The plaintiff did not file a motion for an appeal until January 10, 1981, over five months past the date on which the delay for applying for a new trial expired.
For the above and foregoing reasons, the appeal is dismissed.
Deville, 396 So.2d at 979-80.
Subsequent to this court’s decision quoted above, the supreme court issued its opinion in Overmier v. Traylor, 476 So.2d 1094 (La.1985). The defendant in Overmier had filed a motion for an appeal which the trial court had granted prior to the signing of the written judgment. The appellate court dismissed the appeal based on its interpretation of La.Code Civ.P. art. 1911. In ordering the reinstatement of this appeal, the supreme court wrote:
The appellate court’s interpretation of the codal article [La.Code Civ.P. art. 1911] resulted in the dismissal of an otherwise valid appeal at a time when it was too late for appellants to file another motion for suspensive appeal. The correct interpretation of Article 1911 is that an appeal granted before the signing of a final judgment is subject to dismissal until the final judgment is signed. However, once the final judgment has been signed, any previously existing defect has been cured, and there is no useful purpose in dismissing the otherwise valid appeal.
Overmier, 475 So.2d at 1094-1095 (emphasis in original)(footnote omitted).
Numerous opinions have been issued by the other circuit courts of appeal in this state subsequent to the Overmier decision applying its holding, by analogy, to the situation of a prematurely filed motion for new trial. See Delay v. Charbonnet, 617 *42 So.2d 952 (La.App. 4 Cir.1993); Schoenfeld v. Schoenfeld, 573 So.2d 551 (La.App. 5 Cir.1991); and In Re Tutorship of Ingraham, 565 So.2d 1012 (La.App. 1 Cir.), writ denied, 568 So.2d 1078 (La.1990). In light of the supreme court’s opinion in Overmier and the cases decided in the other circuits, we choose not to follow the holding set forth in Deville, 396 So.2d 978, and the cases on which that case was based.
In the instant case, were we to apply the holding in Deville, the appeal |fiby the State and the sheriff would have to be dismissed as untimely. Moreover, the judgment rendered by the trial court on the motion for judgment notwithstanding the verdict and for new trial would be invalid. As pointed out by the supreme court in Overmier, no party to this litigation would be allowed to appeal based on the technicality that the motion for JNOV and new trial was filed prematurely.
Having reached the foregoing conclusion, we find that the appeal delays on the final judgment signed on November 15, 2000, were interrupted pending a ruling by the trial court on the Plaintiffs’ motion for JNOV or new trial. La.Code Civ.P. arts. 2087(D) and 2123(C). The effect of the trial court’s granting of the motion for JNOV was to require that a new final judgment be signed in this case. In fact, La.Code Civ.P. art. 1811(D), provides that the party whose verdict has been set aside by the JNOV may move for a new trial in accordance with La.Code Civ.P. arts. 1972 and 1973 no later than seven days, exclusive of legal holidays, after the clerk has mailed notice or the sheriffs office has served the notice of the signing of the JNOV pursuant to La.Code Civ.P. art. 1913. See Batiste v. Vanliner Ins. Co., 94-1467 (La.App. 3 Cir. 1/19/95), 648 So.2d 514.
The State’s first motion for appeal was filed after the trial court had orally rendered judgment granting the JNOV and alternatively granting a new trial but before this judgment was signed. Thus, while this appeal was subject to dismissal as premature prior to the signing of the written judgment on April 16, 2001, as discussed above, the jurisprudence has held that this prematurity is cured when the judgment has been subsequently signed. Overmier, 475 So.2d 1094. Accordingly, we find that the appeal by the State prematurely filed on February 23, 2001, became effective upon the signing of the new final judgment on April 16, 2001. Finding the first motion for appeal filed by the State to be timely, we find the second motion for appeal filed by the State on June 27, 2001, to have been superfluous.
Costs of the Motion to Dismiss are hereby assessed against the Plaintiffs-Appel-lees.

MOTION TO DISMISS DENIED.