STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2020 CA 0750

JIM CHENG

VERSUS

LOUIS CANCIENNE AND USAA CASUALTY INSURANCE COMPANY

**Judgment Rendered:** **FEB 1 9 2021**

\* \* \* \* \* \*

On appeal from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket Number C639730

Honorable William A. Morvant, Judge Presiding

\* \* \* \* \* \*

Willie G. Johnson, Jr.               Counsel for Plaintiff/Appellant
Derek E. Elsey                       Jim Cheng
Jennifer O. Robinson
Jay M. Simon
Baton Rouge, LA


Marvin H. Olinde           .         Counsel for Defendants/Appellees
Michael M. Thompson                  USAA Casualty Insurance Company
W. Chase Gore                        and The Estate of Louis Cancienne
Baton Rouge, LA



\* \* \* \* \* \*

BEFORE: GUIDRY, McCLENDON, AND LANIER, JJ.

**GUIDRY, J.**

The plaintiff appeals from a partial summary judgment granted in favor of the defendants. For the reasons that follow, we dismiss the appeal.

## FACTS AND PROCEDURAL HISTORY

This case arises from a roadway incident. On June 26, 2014, while driving his vehicle in Baton Rouge, the plaintiff, Jim Cheng, alleges that the defendant, Louis Cancienne, caused Mr. Cheng's vehicle to run off the road. Mr. Cheng was then injured when, near the scene of the incident, Mr. Cheng reached into Mr. Cancienne's vehicle and Mr. Cancienne moved his vehicle forward, causing Mr. Cheng to fall to the ground.

On June 2, 2015, Mr. Cheng filed suit against Mr. Cancienne and USAA Casualty Insurance Company.[1] The defendants answered the petition and thereafter moved for summary judgment, asserting that Mr. Cancienne's actions were justified by self-defense and therefore he was provided with a defense to liability. Following a hearing on October 21, 2019, partial summary judgment was granted in favor of the defendants. On November 5, 2019, Mr. Cheng moved for a new trial, which was denied on November 19, 2019. A written judgment confirming the trial court's October 21, 2019 ruling was signed on January 15, 2020. Mr. Cheng now appeals that judgment.[2]

---

[1] Mr. Cheng later amended his petition, naming the estate of Louis Cancienne as the defendant in place of the deceased Louis Cancienne. United Services Automobile Association was incorrectly named by the plaintiff as USAA Casualty Insurance Company.

[2] The defendants argue that this appeal should be dismissed as untimely because Mr. Cheng's motion for new trial was denied on November 19, 2019, and the appeal was filed on February 28, 2020. We note, however, that the judgment was signed on January 15, 2020, and that the appeal was timely taken within sixty days thereafter. We further note that the established rule in this circuit is that the denial of a motion for new trial is an interlocutory and non-appealable judgment. McKee v. Wal-Mart Stores, Inc., 06-1672, p. 8 (La. App. 1st Cir. 6/8/07), 964 So. 2d 1008, 1013, writ denied, 07-1655 (La. 10/26/07), 966 So.2d 583. A motion for new trial becomes effectual upon the subsequent signing of the judgment. See Davis v. Witt, 01-894, pp. 4-5 (La. App. 3d Cir. 8/1/01), 796 So. 2d 38, 41; Hanson v. Perkins, 484 So. 2d 705, 706 (La. App. 1st Cir.1985).

2

## DISCUSSION

Before reaching the merits of this appeal, we have a duty to examine subject matter jurisdiction *sua sponte*, even when the parties do not raise the issue. Advanced Leveling & Concrete Solutions v. Lathan Company, Inc., 17-1250, p. 3 (La. App. 1st Cir. 12/20/18), 268 So. 3d 1044, 1046 (*en banc*). This court's appellate jurisdiction extends to final judgments. See La. C.C.P. art. 2083. A judgment that determines the merits in whole or in part is a final judgment. La. C.C.P. art. 1841. Whether a partial final judgment is appealable is determined by examining the requirements of La. C.C.P. art. 1915.

A partial judgment may be a final judgment even if it does not grant the successful party all of the relief prayed for or adjudicate all of the issues in the case. La. C.C.P. art. 1915(A). Article 1915(A) lists partial judgments that are final. That list includes a trial court grant of "a motion for summary judgment, as provided by [Louisiana Code of Civil Procedure] Articles 966 through 969, but not including a summary judgment granted pursuant to [Louisiana Code of Civil Procedure] Article 966(E)." La. C.C.P. art. 1915(A)(3). Pursuant to La. C.C.P. art. 966(E), "[a] summary judgment may be rendered dispositive of a particular issue, theory of recovery, cause of action, or defense, in favor of one or more parties, even though the granting of the summary judgment does not dispose of the entire case as to that party or parties." However, when a court renders a partial summary judgment as to one or more but less than all of the claims, demands, issues, or theories against a party, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay. La. C.C.P. art. 1915(B)(1).

In this case, the judgment appealed from does not indicate that the trial court designated it as a final judgment or made a determination that there is no just reason for delay. Further, the judgment appealed from clearly does not dispose of

3

the entire litigation, as it is, on its face, a partial summary judgment. In the absence of a determination or designation by the trial court, such a judgment shall not constitute a final judgment for the purpose of an immediate appeal. La. C.C.P. art. 1915(B)(2); see also Automotive Experts, LLC v. Joe Johnson, Inc., 17-0664 (La. App. 4th Cir. 12/13/17), 234 So. 3d 1004 and Dominquez v. 4M General Construction, 15-277 (La. App. 5th Cir. 6/30/15), 171 So. 3d 1212.

Accordingly, we find that the judgment before us is not final and appealable. This court lacks appellate jurisdiction to consider the merits of the appeal. We therefore dismiss the appeal.[3] All costs of this appeal are assessed to the plaintiff/appellant, Jim Cheng.

**APPEAL DISMISSED.**

---

[3] Although this court has discretion to convert an appeal to an application for supervisory writs, it may only do so if the appeal would have been timely had it been filed as a supervisory writ application. Here, the motion for appeal cannot be considered a timely filed application for supervisory writs under Uniform Rules-Courts of Appeal, Rule 4-3 because it was not filed within thirty days of the notice of judgment.