FREDERICKA HOMBERG WICKER, Judge.
| ¡.Defendant, 4M General Construction, LLC, appeals the trial court’s grant of claimant Cesar Dominguez’s motion for summary judgment. For the reasons that follow, we find that this Court lacks appellate jurisdiction as the judgment appealed is not a final, appealable judgment. Accordingly, we dismiss this appeal and reserve to defendant the right to file an application for supervisory writ to this Court within thirty days of the date of this opinion.

FACTUAL AND PROCEDURAL HISTORY

Mr. Dominguez filed a disputed claim for workers’ compensation on August 11, 2014. In his claim, Mr. Dominguez alleged that he was involved in a work-related accident on June 28, 2014, when a “large tree/branch” fell on him, and he sought wage benefits, authorization of medical treatment, authorization of the physician of his choice, and penalties and attorney’s fees.
On October 23, 2014, Mr. Dominguez filed a motion for summary judgment. In his motion, Mr. Dominguez prayed that the court find that he was an employee of defendant and that he was injured during the course and scope of that employment.
| ¡¡Following a hearing, the court granted Mr. Dominguez’s motion for summary judgment. The judgment was signed on February 12, 2015. It specifically provides that, “the Defendant was the employer of the Claimant at the time of Claimant’s alleged accident and injury.” Defendant appealed.

DISCUSSION

The judgment at issue in this case is a partial judgment because it disposed only of the issue of whether Mr. Dominguez was an employee acting in the course and scope of his employment at the time of his accident, but did not address his claims for wage benefits and medical treatment authorization. With regard to partial summary judgments, this Court has found:
A partial judgment may be a final judgment even if it does not grant the successful party all of the'relief prayed for or adjudicate all of the issues in the case. La. C.C.P. art. 1915(A). La. C.C.P. art. 1915(A) lists partial judgments that are final. That list includes a trial court grant of “a motion for summary judgment, as provided by [Louisiana Code of Civil Procedure] Articles 966 through 969, but not including a summary judgment granted pursuant to [Louisiana Code of Civil Procedure] Article 966(E).” La. C.C.P. art. 1915(A)(3).
La. C.C.P. art. 966(E) provides for the grant of summary judgments in favor of any one or more of the parties to the litigation that are “dispositive of a particular issue, theory of recovery, cause of action, or defense” even if the grant of “the summary judgment does not dispose of the entire case.”
⅜ ⅜ ⅜ ⅜ ⅜: ⅜
Nevertheless, even if a partial summary judgment does not qualify as a final judgment under La. C.C.P. art. 1915(A)(3), it may still constitute a final judgment for the purpose of an immediate appeal if it is designated as a final judgment by the trial court after an *1214 express determination that there is no just reason for delay. La. C.C.P. art. 1915(B)(1). However, in the absence of such a designation, such a judgment “shall not constitute a final judgment for the purpose of an immediate appeal.” La. C.C.P. art. 1915(B)(2). The trial court in this case has not designated its partial summary judgment a final judgment in accordance with La. C.C.P. art. 1915(B)(1).
Pontchartmin Tavern, Inc. v. Johnson, 07-115 (La.App. 5 Cir. 08/28/07); 966 So.2d 1062, 1064.
In this case, the trial court’s judgment does not dispose of the entire litigation, but only resolves the issue of whether Mr. Dominguez was employed by |4defendant and acting within the course and scope of that employment at the time of the accident. A judgment that does not adjudicate all of the issues in a case does not constitute a final judgment unless, pursuant to La. C.C.P. art. 1915(B), the trial court designates it as a final judgment after an express determination that there is no just reason for delay. The judgment in this matter does not indicate that the trial court designated it as a final judgment or made a determination that there is no just reason for delay. This judgment is therefore not an appealable judgment. La. C.C.P. art. 2083(A).
Accordingly, we find that the judgment appealed is not a final, appealable judgment and that this Court lacks appellate jurisdiction to consider the merits of defendant’s appeal. We therefore dismiss this appeal and reserve to defendant the right to file an application for supervisory writ within thirty days of the date of this opinion.

APPEAL DISMISSED.